Valley Forge Industries, Inc., Appellant *v.* Armand Construction, Inc. and United Surety & Financial Guarantee Company, Appellees.

Argued September 29, 1978, before Judges WIL-KINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*William Manning*, with him *Donald B. Corriere* and *Haber and Corriere*, for appellant.

*Lawrence Center*, with him *Maloney, Danyi, Good-man, Hensel & Center*, for appellee.

OPINION BY JUDGE DiSALLE, November 28, 1978:

This case involves the interpretation and application of Section 7 of the Public Works Contractors' Bond Law of 1967 (Bond Law), Act of December 20, 1967, P.L. 869, 8 P.S. §197.

The facts are not in dispute. On October 3, 1972, Valley Forge Industries, Inc. (Appellant), entered

into a contract with Armand Construction, Inc. (Armand), to furnish certain labor and materials to repave the streets in the Borough of Macungie following the installation of sewers. Appellant performed its subcontracting obligations during the weeks of October 16, 23, and 30, 1972, and billed Armand for $37,715.46. On November 20, 1972, Armand remitted $31,015.47 to Appellant but retained the balance pending final approval of the work. The engineers for the Borough of Macungie Sewer Authority refused to approve some of the work, and, following negotiations, Appellant agreed to correct certain defects and completed the work in June, 1973. No bills were submitted for this additional work and, if submitted, payment would have been refused.

Armand defaulted on payment of the remaining $6,699.99 due under the original billing and, on May 31, 1974, Appellant filed a complaint in assumpsit against Armand and United Surety and Financial Guarantee Co., the surety on Armand's labor and material bond. The lower court determined that the one-year limitation contained in Section 7 of the Bond Law barred Appellant from recovering on the bond.[1] In so doing, it held that the period of limitation was not extended by the subsequent repairs which Appellant performed.

The pertinent language of Section 7 of the Bond Law provides:

(b) No such action may be commenced after the expiration of one year from the day on which the last of the labor was performed or material was supplied for the payment of which such action is brought by the claimant.

---

[1] The parties agreed that this was the only issue to be decided by the court below, which heard the case without a jury pursuant to Pa. R.C.P. No. 1038.

As phrased by Judge VAN DER VOORT of the Superior Court, dissenting in that court's transfer of this case to our Court, 248 Pa. Superior Ct. 53, 374 A.2d 1312 (1977), the narrow issue for us to determine is what is the last day on which labor is performed or material supplied where a contractor is summoned back to the job "by an owner" to make repairs or adjustments after the ostensible date of completion.

We note that this is a case of first impression. Consequently, resort must be made to those standards contained in the Statutory Construction Act of 1972 (Act), 1 Pa. C.S. §1501 et seq. According to the Act, the object of all statutory interpretation is to ascertain and effectuate the intent of the General Assembly. 1 Pa. C.S. §1921(a). To this end, the language of Section 7 of the Bond Law must be liberally construed. 1 Pa. C.S. §1928(c). In addition, the consequences of a particular interpretation must also be considered, since it must be presumed that the legislature did not intend an absurd or unreasonable result. 1 Pa. C.S. §1922(1). Section 3(a)(2) of the Bond Law, 8 P.S. §193(a)(2), sets forth one purpose of this legislation as:

> [Being] solely for the protection of claimants supplying labor or materials to the prime contractor to whom the contract was awarded, or to any of his subcontractors, in the prosecution of the work provided for in such contract, and shall be conditioned for the prompt payment of all such materials furnished or labor supplied or performed in the prosecution of the work.

Given this intent, we view the operative language— "the day on which the last of the labor was performed or material was supplied"—as broad enough to include work performed upon the demand of the contracting body to correct defects in the work as origi-

nally completed. *See Trinity Universal Insurance Co. v. Girdner*, 379 F.2d 317 (5th Cir. 1967).

In the instant case, the official inspector testified that he reported to his superiors that the work was not satisfactory and that Appellant was then directed to correct the work. The engineer for the Borough of Macungie Sewer Authority testified that he refused to approve the work and that he ordered the deficiencies be corrected. He also stated that approximately fifty percent of the roadway needed some additional work. Both men testified that the requested corrections were made and that they were completed in June of 1973. It is clear, therefore, that the repair work was substantial and was not a sham or device employed by Appellant to extend the period of limitation. Until these defects were remedied, Appellant had not fulfilled its obligations under the contract, and could not have demanded payment in full nor successfully prosecuted an action for payment.

We determine, therefore, that this action was timely filed. Accordingly, we reverse.

ORDER

AND Now, this 28th day of November, 1978, the order of the Court of Common Pleas of Northampton County, dated November 17, 1975, is hereby reversed and the case is remanded for further proceedings.