Ronald J. Rinck, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Mervin A. Heller, Jr., Baskin, Mendelsohn & Leisawitz,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, May 29, 1981:

In August, 1977, Ronald J. Rinck (appellant) was notified by the Commonwealth Department of Transportation (Department) that his refusal to submit to a "breathalyzer test" had resulted in a six month suspension of his driving privilege.[1] The appellant sought review of the Department's action in the Court of Common Pleas of Berks County where, after a hearing, his appeal was dismissed. A further appeal was taken to this Court. During the pendency of these appeals, the effect of the suspension was in abeyance in accordance with Section 1550(b) of the Vehicle Code, 75 Pa. C. S. §1550(b) which provides:

> Supersedeas.—The filing of the petition shall operate as a supersedeas and no recall, suspension, cancellation or revocation shall be imposed against such person until final determination of the matter.

On March 13, 1978, the appellant withdrew his appeal in this Court and, having been notified of the withdrawal, the Department reinstated the six month suspension and directed the appellant, by letter dated October 11, 1979, to surrender custody of his driver's license as required by Section 1540(b) of the Vehicle Code, 75 Pa. C. S. §1540(b). On December 14, 1979, the appellant filed a petition in the Court of Common Pleas seeking review of the Department's action of reinstating the suspension. After a hearing, the ap-

---

[1] This suspension was pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

330

peal was dismissed on the grounds that it was not timely filed and that the appellant had no right of appeal from the reinstatement.

Of course, this determination was correct. The appellant's withdrawal of his appeal in March, 1978 effected a final determination of the matter and the period of supersession ended. The Department's October, 1979 letter merely memorialized this effect of the application of Section 1540(b).

Order affirmed.

ORDER

AND Now, this 29th day of May, 1981, the order of the Court of Common Pleas of Berks County is affirmed.