David Keith Gilson, Appellant *v.* Commonwealth
of Pennsylvania, Appellee.

Submitted on briefs June 6, 1983, to President
Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI,
sitting as a panel of three.

*John J. Kerrigan, Jr., Stuckert, Yates & Krewson,*
for appellant.

*Harold H. Cramer,* Assistant Counsel, with him
*Ward T. Williams,* Chief Counsel, and *Jay C. Wald-
man,* General Counsel, for appellee.

Opinion by Judge Barbieri, July 22, 1983:

David Keith Gilson (Appellant) appeals here from an order of the Court of Common Pleas of Bucks County affirming a license suspension and revocation imposed by the Pennsylvania Department of Transportation, Bureau of Traffic Safety (Bureau). We affirm.

On January 2, 1980 Appellant was convicted of driving while intoxicated and of committing homicide by vehicle, charges stemming from an incident which occurred on July 22, 1979. As a result of post-trial motions filed by Appellant, a sentence was not imposed until October 2, 1981, and the Bureau received notice of the convictions on October 7, 1981. Appellant received notice on January 18, 1982 that his license was being suspended for six months because of his conviction for driving while intoxicated, and subsequently received notice on January 28, 1982 that his license was being revoked for one year because of his conviction on the charge of committing homicide by vehicle. The court of common pleas affirmed both the suspension and the revocation, and the present appeal followed.

Before this Court, appellant, citing *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), alleges that the Bureau's suspension and subsequent revocation of his license was improper because of the long delay between the date of his convictions and the dates of his suspension and revocation, and since the imposition of a suspension and revocation would interfere with his current job responsibilities as a carpenter. *Hosek* and its progeny have no applicability here, however, since they were cases involving suspensions and revocations brought under the old Vehicle Code which contained

a provision requiring the Bureau to act ''forthwith,'' a requirement not found in the current Vehicle Code. *Chappell v. Commonwealth,* 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981). Moreover, Appellant has cited no authority, nor are we aware of any, requiring the reversal of suspensions and revocations simply because (1) a period of time elapses between the date the Bureau receives notification of a conviction and the Bureau's subsequent suspension or revocation of a license and (2) the licensee's employment prospects are diminished by the subsequent suspension or revocation of his license. We accordingly find no merit in this argument.

Finally, in the summary of argument portion of his brief to this Court, Appellant alleges that the Bureau should have imposed the suspension and revocation concurrently rather than consecutively. In the corresponding argument portion of his brief, however, Appellant, citing Section 1535(b) of the Vehicle Code, 75 Pa. C. S. §1535(b), alleges that it was improper for the Bureau to impose a suspension and revocation for convictions arising out of the same incident. Neither argument has merit.

With respect to the Appellant's first contention, Section 1544 of the Vehicle Code, 75 Pa. C. S. §1544, specifically requires suspensions and revocations to be imposed consecutively. *See also Brewster v. Department of Transportation,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980); *Department of Transportation, Bureau of Traffic Safety v. Von Altimus,* 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980).

Similarly, Appellant's second allegation of error has no merit since Section 1535(b) of the Vehicle Code pertains to the assessment of points, and has no applicability to suspensions and revocations imposed

pursuant to the mandate of Section 1532 of the Vehicle Code, 75 Pa. C. S. §1532.

ORDER

Now, July 22, 1983, the order of the Court of Common Pleas of Bucks County, docketed at No. 82-0986 and 82-0985, dated July 13, 1982, is affirmed.