509 A.2d 1380

Ìda Marlene Lemley, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs October 7, 1985, to Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert P. Boyer,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, May 28, 1986:

Ida Marlene Lemley (appellant) appeals the order of the Court of Common Pleas of Westmoreland County (trial court) sustaining the order of the Department of Transportation, Bureau of Traffic Safety (Department) which revoked her driver's license for five years as a habitual offender, Section 1542(a) of the Vehicle Code (Code), 75 Pa. C. S. §1542(a).

Conceding that she has accumulated the requisite three offenses within the five year period specified by the statute, the appellant, nevertheless, contends that the trial court[1] erred in applying the holding of *Gilson v. Commonwealth,* 75 Pa. Commonwealth Ct. 616, 462 A.2d 357 (1983) to this matter.[2] She argues here that

---

[1] The scope of our review in this matter includes, *inter alia,* questions of law. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

[2] In *Gilson,* we found no impropriety due to the Department's four month delay in suspending and revoking Gilson's driver's license after its receipt of notice of his convictions on charges of driving while intoxicated and vehicular homicide. Gilson challenged the Department's civil penalties under *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), which had been decided under the predecessor to the current Code. The *Gilson* Court reasoned that because the current Code did not require the Department to act "forthwith" in suspensions and revocations upon receipt of a conviction notice as did the prior Vehicle Code, *Hosek* was inapposite. While we do not disagree with the holding of *Gilson* insofar as it did not create a minimum time in which the Department must act, we cannot read *Gilson* as broadly as the Department would. As will be explained, the application of *Gilson* without qualification would result in an absurd or

the revocation should be set aside because the Department issued its revocation notice on March 4, 1983, approximately twenty-seven months after the precipitating third conviction on November 25, 1980,[3] asserting that the statute must be construed to require the Department to act within a reasonable time and that the delay here was, accordingly, unreasonable. She also asserts that the twenty-seven month delay here is prejudicial to her because a special arrangement with her employer as to her working hours and with her co-workers for alternate transportation to work became unavailable with the passage of time since November 25, 1980. Consequently, she would have us find prejudice to her on the basis that revocation now will purportedly cause her to lose her employment, and will thereby cause her economic detriment.

The Department argues that the trial court correctly applied *Gilson* and that there is no time frame within which it must act under Section 1542(a). Furthermore, according to the Department, the prospect of losing one's employment due to a Section 1542 revocation should not be considered to be sufficient to demonstrate prejudice.

Section 1542(a) provides that

[t]he department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person

---

unreasonable interpretation of Section 1542, a result which must be avoided.

[3] From the Department's trial Exhibit No. 2, Report of the Clerk of the Westmoreland County Common Pleas Court, showing the appellant's November 25, 1980 conviction, it appears that that document was forwarded to the Department on December 18, 1980. It is reasonable to assume that the Department received the Report shortly thereafter.

whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

Subsection (b) of Section 1542 establishes three as the number of convictions necessary to identify a person as a habitual offender.

We observe that nothing in Section 1542(a) expressly requires the Department to issue its revocation notice within any time limit.[4] And, of course, a court may not disregard the plain words of a statute where the language is "free and clear of all ambiguity." Section 1921(b) of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1921(b); *Hyser v. Allegheny County*, 61 Pa. Commonwealth Ct. 169, 434 A.2d 1308 (1981). We must agree with the appellant, however, that the legislature could not have intended to allow the Department, without a good reason, to wait years to impose penalties such as that prescribed in Section 1542. Such a result, in our opinion, would be absurd and unreasonable and the legislature is presumed not to intend such results. Section 1922(1) of the Act, 1 Pa. C. S. §1922(1); *Valley Forge Industries, Inc. v. Armand Construction, Inc.*, 38 Pa. Commonwealth Ct. 603, 394 A.2d 677 (1978). We conclude, therefore, that the provisions of Section 1542(a) are ambiguous with respect to the time frame within which the Department must act. We also believe

---

[4] Compare the provisions of Section 1551 of the Code, 75 Pa. C. S. §1551, which allows the Department six months to notify a person whose license is to be suspended due to an accumulation of points and which prohibits the Department from imposing such a suspension for the failure to notify the driver of the suspension within that time.

that in order to avoid an absurd or unreasonable result, the provisions of Section 1542(a) must be construed to impliedly require the Department to give notice of revocation as a habitual offender within a "reasonable" time after it receives the triggering third conviction notice. Naturally, what will constitute a "reasonable" time in a given case cannot be established in a vacuum and we believe, therefore, that its meaning will depend upon the circumstances of each case. Accordingly, we must examine the circumstances of the matter *sub judice* to determine if the period of delay involved here is unreasonably long.

The record here indicates that the Department stayed its action on the appellant's habitual offender status due to the appellant's appeal of an intervening suspension imposed effective January 7, 1980, for her alleged refusal to submit to a breathalyzer test. The appellant's license had been restored on February 4, 1980, pursuant to a supersedeas order pending the resolution of the breathalyzer appeal. Under the Department's policy, then in effect, a license restored due to an appeal would not be suspended for any subsequent violation until the appeal had been resolved. The Department subsequently revised that policy, however, and took the action from which this proceeding arose; therefore, the reason for the delay here was the appellant's appeal of the January 7, 1980 suspension. Under such circumstances, we cannot conclude that the Department unreasonably delayed the imposition of the habitual offender status, with its consequent license revocation, on the appellant.[5]

---

[5] In light of our resolution of the delay issue, we need not address the prejudice argument advanced by the appellant.

We will, therefore, affirm the order of the trial court[6] upholding the revocation of the appellant's driver's license as a habitual offender.

ORDER

AND NOW, this 28th day of May, 1986, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.

---

[6] Even though the trial court assigned an erroneous reason for its decision, we will affirm because its order is correct and the correct basis for the ruling is clear upon the record. *Bearoff v. Bearoff Brothers,* 458 Pa. 494, 327 A.2d 72 (1974).