## Commonwealth v. Dasch

*Raymond A. Swan,* for the Commonwealth.
*Richard Consiglio,* for defendant.

SMITH, *J.,* June 17, 1986 — Richard E. Dasch was convicted on February 1, 1985, of Driving Under the Influence of Alcohol (75 Pa.C.S. §373). On September 11, 1985, more than seven months later, the Director of the Department of Transportation's Bureau of Driver Licensing mailed to Dasch an "Official Notice" informing him that pursuant to 75 Pa.C.S. §1532(b), his operating privileges were suspended, effective October 16, 1985, for a period of one year. Thereafter, Dasch took this timely appeal from that administrative determination.

Appellant contends that his appeal should be sustained because the department failed to comply with the dictates of 75 Pa.C.S. §1540(b):

"Upon the suspension of the operating privileges of any person by the department, the department shall *forthwith* notify the person in writing to surrender his driver's license to the Department for the term of suspension." (Emphasis added.)

The sole issue argued is whether the delay of more than seven months between conviction and suspension violates the "forthwith" requirement of §1540(b). We believe that both parties have misread this provision, and deny the appeal.

Commonwealth v. Lear, 34 Pa. Commw. 310, 384 A.2d 269 (1978) and Saron v. Commonwealth, 55 Pa. Commw. 477, 423 A.2d 1099 (1980), relied upon by the department, are inapposite. Each construes a predecessor statute, 75 P.S. §616(a) (Repealed), which required the department to act "forthwith" in *revoking* operating privileges upon receipt of the certification of conviction.

The applicable section in the instant matter does not require suspension forthwith upon conviction, but rather requires the department to forthwith notify "(u)pon the suspension."* Cf. Gilson v. Commonwealth, 75 Pa. Commw. 616, 462 A.2d 357 (1983). The department is chargeable only with delay occurring after it received the certification of conviction. Chappell v. Commonwealth 59 Pa. Commw. 504, 430 A.2d 377 (1981). Record reveals that the Bureau of Driver Licensing received on August 8, 1985, the record from the Prothonotary of Blair County, certified by him on July 15, 1985. The sending of notice on September 11, 1985, does not represent inordinate delay.

We note further, as did Judge Barbieri in Gilson, supra, that we are aware of no authority requiring the reversal of suspensions "simply because . . . a period of time elapses between the date the Bureau receives notification of a conviction and the Bureau's subsequent suspension . . . ." 462 A.2d at 358.

---

* Section 1532(a) and (b) deletes the word "forthwith" as it appeared in former §616.

Accordingly, we enter the following

### ORDER

And now, this June 17, 1986, it is ordered, directed and decreed that the petition for appeal from order of director of bureau of traffic safety suspending operator's license filed by Richard E. Dasch is denied and dismissed. It is further ordered and directed that the supersedeas granted by order of October 11, 1985, is hereby dissolved such that the suspension shall be effective forthwith.