552 A.2d 338

Neal B. Davis, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs November 22, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Stephen J. Devine,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, December 29, 1988:

This is an appeal by Neal B. Davis (Licensee) from an order of the Court of Common Pleas of Delaware County which dismissed Licensee's appeal from the reinstatement of the suspension of his operating privileges.

The trial court found that on February 19, 1984 Licensee was convicted of violating Section 3112(a)(3)(1) of the Vehicle Code, 75 Pa. C. S. §3112(a)(3)(1), (stop light violation) and that said conviction resulted in the accumulation of eleven points on his driving record. On August 8, 1984 the Department of Transportation (Department) notified Licensee of a mandatory 365 day suspension of his operating privileges. Licensee appealed the suspension in September 1984; but, he withdrew that appeal on December 28, 1984. On February 23, 1988 the Department notified Licensee that his suspension would be reinstated effective March 29, 1988. Further, an additional forty-five days suspension was imposed, consecutively, by official notice dated February 23, 1988 for violations which occurred between the filing of Licensee's appeal and his reinstatement.

At the proceedings below, the Department filed a motion to quash the appeal on the basis that once Licensee withdrew his appeal and his suspension was reinstated he could not again appeal it. Licensee maintained that the inordinate delay by the Department in imposing the reinstatement of his suspension should justify his appeal. The trial court correctly denied the motion, but held that Licensee had not shown that he had been prejudiced by the Department's delay or that he had changed his circumstances in reliance upon the Department's inaction. Accordingly, it dismissed Licensee's appeal. The present appeal to this Court ensued.

On appeal here Licensee contends that the trial court erred when it determined that he had not established that the Department's three year delay in reinstating the suspension was prejudicial to him. At the hearing no evidence was presented. Instead, the trial court heard argument on whether the Department's delay could be a basis for vacating the suspension. The following colloquy occurred:

> Attorney for Licensee: [Licensee] has found himself in circumstances whereby if his appeal is not sustained, if it is dismissed, he will lose his livelihood. He is employed at Scott Olds-Saab and I do have a corroborative from Ray Scott, and acknowledged document indicating
>
> . . .
>
> The Court: Well, that's not relevant. Really, under the law, whether he loses his job or not is not relevant. Whether he violates a statute or not.

N.T. 7-8. The court then dismissed the appeal.[1]

We must first determine whether Licensee could appeal the reinstatement. The Department relies upon *Rinck v. Commonwealth*, 59 Pa. Commonwealth Ct. 328, 429 A.2d 1255 (1981), wherein this Court held that one who withdraws the appeal of his license suspension cannot later appeal the reinstatement of that suspension. In *Rinck*, however, there was no allegation of undue delay in reinstating the suspension. More recently this Court indicated that the *Rinck* rule is not inviolate. In *Department of Transportation v. Dwyer*, 116 Pa. Commonwealth Ct. 644, 542 A.2d 634 (1988), we held

---

[1] The trial court also heard argument on whether Licensee should receive credit for a period of suspension already served. The issue of credit, as the trial judge astutely observed, is a matter properly addressed to the Department. The question of credit is not an issue on appeal here.

that one can, via a mandamus action, seek to compel the Department to vacate its reinstated suspension where the driver has in fact completed the period of suspension because he did not receive his license back after completing an accelerated rehabilitative disposition suspension.

Here we do not have a mandamus petition, but we do have a three-year delay which occurred *after* Licensee withdrew his appeal. If we hold that *Rinck* precludes review of such an action then the Department could wait decades before reinstating a suspension and its administrative delay would be left totally unchecked. This result would be intolerable. Accordingly, we hold that where one who withdrew the appeal from his suspension seeks review, not of the merits of the suspension, but of the delay in reinstating it, *Rinck* is inapplicable.

The Department's action in imposing the suspension at issue here was taken pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539 (pertaining to suspensions for accumulation of points). That Section places no time requirement upon the Department when it imposes a suspension. Similarly, the current version of Section 1542(a) of the Vehicle Code, 75 Pa. C. S. §1542 (a), (habitual offender provision) sets forth no time restrictions governing when a suspension under that Section is to be imposed. Nonetheless, this Court has held that the Department must act under Section 1542(a) within a "reasonable time." *Lemley v. Department of Transportation,* 97 Pa. Commonwealth Ct. 469, 509 A.2d 1380 (1986), *petition for allowance of appeal denied,* 513 Pa. 643, 521 A.2d 934 (1987). Judge BLATT stated in *Lemley:*

We must agree with the appellant, however, that the legislature could not have intended to allow the Department, without a good reason, to wait

years to impose penalties such as that prescribed in Section 1542. Such a result, in our opinion, would be absurd and unreasonable and the legislature is presumed not to intend such results. Section 1922(1) of the [Statutory Construction Act of 1972], 1 Pa. C. S. §1922(1); Valley Forge Industries, Inc. v. Armand Construction, Inc., 38 Pa. Commonwealth Ct. 603, 394 A.2d 677 (1978).

*Id*. at 472, 509 A.2d at 1382. What is reasonable will depend upon the circumstances of the particular case. We have observed that:

Naturally, what will constitute a 'reasonable' time in a given case cannot be established in a vacuum and we believe, therefore, that its meaning will depend upon the circumstances of each case. Accordingly, we must examine the circumstances of the matter *sub judice* to determine if the period of delay involved here is unreasonably long.

*Id*. at 473, 509 A.2d at 1383.

It is well settled that the mere passage of time is insufficient to set aside a departmental suspension. *Department of Transportation v. Passerella*, 42 Pa. Commonwealth Ct. 352, 401 A.2d 1 (1979). Prejudice must be shown. *Id*. Loss of a job *promotion* because of one's inability to drive is insufficient prejudice. *Department of Transportation, Bureau of Traffic Safety v. Kirk*, 48 Pa. Commonwealth Ct. 429, 410 A.2d 95 (1980). Similarly, the diminishment of employment prospects is legally insufficient to demonstrate the requisite prejudice. *Gilson v. Commonwealth*, 75 Pa. Commonwealth Ct. 616, 462 A.2d 357 (1983). Further, a licensee's bare assertion that he would lose his job is insufficient where, during a prior suspension, he hired a driver and he never alleged he could not do so again. *Chappell v.*

*Commonwealth,* 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981). The facts in *Chappell,* while not detailed, suggest that the licensee was not required to drive as a part of his job duties but that he needed to drive to reach his place of employment.

In *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), however, a licensee who, in reliance upon the Department's inaction, changed jobs to become a *truck driver* demonstrated the requisite prejudice. And, while that case turned upon the fact that the Secretary of the Department was required under the predecessor to the current Vehicle Code to act "forthwith" in suspending or revoking a license, *see Lemley* 97 Pa. Commonwealth Ct. at 470-71 n.2, 509 A.2d at 1381 n.2, we believe, in light of *Lemley* (which was decided under the current Vehicle Code), the *Hosek* rationale (*i.e.,* that undue delay coupled with prejudice is a basis to void a suspension) is applicable here.[2]

We further reject the Commonwealth's argument that *Heller Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 340, 175 A.2d 305 (1961), controls here. That case did indicate that administrative delay does not justify setting aside a suspension, but there was no indication of prejudice therein. We thus believe that *Lemley* is more applicable to the instant situation.[3]

---

[2] Any suggestion to the contrary which appears in *Chappell, Gilson,* and *Department of Transportation v. Russo,* 96 Pa. Commonwealth Ct. 187, 506 A.2d 1349 (1986), is dicta which we reject.

[3] We also reject the Department's reliance upon *Ridge AMC/ Jeep/Renault, Inc. v. Commonwealth,* 103 Pa. Commonwealth Ct. 174, 520 A.2d 515 (1987) *petition for allowance of appeal denied,* 515 Pa. 602, 528 A.2d 958 (1987), and *Commonwealth v. Emerick,* 373 Pa. 388, 96 A.2d 370 (1953). These cases stand for the general proposition that mere economic hardship will not justify setting aside a suspension. Neither case, however, involved an allegation of prejudice due to undue delay.

In the instant case there appears to have been some confusion at the time of the de novo hearing. The record suggests that the Department offered no evidence, and in its brief indicates that the trial court *refused* to hear Licensee's evidence. Department's brief, p. 8. It appears that the trial court believed Licensee's argument to be legally irrelevant and, hence, no testimony was offered by Licensee. Further, the trial court made no credibility determination as to Licensee's *argument* on prejudice, of course, because no testimony was ever adduced as to what prejudice there was, if any. It is not our place to try the parties' cases, but since there seems to be confusion as to whether Licensee offered evidence, we believe it is prudent to permit him the opportunity to prove his case. Accordingly, we shall vacate the trial court's order and direct that a new hearing be held. At that hearing, Licensee should be given a chance to demonstrate whether he acted in reliance upon the Department's delay by changing jobs, whether he must drive as part of his job duties and whether he would, in fact, lose his position if he could not drive. *Hosek; Lemley.* Similarly, the Department should be given the opportunity to explain, if it can, whether there was a reasonable basis for the delay. *See, e.g., Lemley* (former Departmental policy not to suspend license for subsequent violation until appeal had been resolved, held reasonable basis for delay and this Court did not need to determine whether licensee had demonstrated prejudice).

Based upon the foregoing discussion, we vacate the trial court's order and remand for the taking of additional evidence and the making of additional findings and conclusions.

ORDER

Now, December 29, 1988, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.