572 A.2d 236

**Roger Allan REA, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided Feb. 23, 1990.

Reargument Denied May 1, 1990.

146

Henry G. Beamer, Pittsburgh, with him, R.H. Buchman, Greensburg, Metz, Cook, Welsh & Bearmer, Pittsburgh, for appellant.

Harold H. Cramer, Asst. Chief Counsel, with him, Christopher J. Clements, Asst. Counsel, David R. White, Asst. Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Appellant, Roger Allan Rea, appeals from an order of the Westmoreland County Court of Common Pleas sustaining the reinstatement of a suspension of appellant's motor vehicle operator's license by the Commonwealth of Pennsylvania, Department of Transportation (PennDOT). Appellant had contested PennDOT's decision to suspend his driving privileges but chose to withdraw his appeal. The Allegheny County Court of Common Pleas entered an order dismissing appellant's appeal. Now for the first time, ten years later, PennDOT is attempting to enforce the suspension of appellant's driver's license.

In May 1978, appellant was convicted of driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731. Appellant did not appeal this conviction. In July of 1978, PennDOT notified appellant that, because of his conviction, his driver's license and operating privileges would be suspended for six months. Appellant appealed PennDOT's suspension of his license and obtained a supersedeas order from the Allegheny County Court of Common Pleas. This appeal was subsequently dismissed by the Allegheny County Court of Common Pleas in an order of January 12, 1979.[1] Two years later, appellant was notified that a conviction for a speeding citation in violation of 75 Pa.C.S. § 3362 would result in two or more points being entered against his driving record and possible further action pending the outcome of his appeal.

By notice dated April 4, 1988, PennDOT notified appellant that his license and driving privileges were being suspended for six months because of the 1978 conviction. By notice dated May 31, 1988, appellant was advised that, because of his 1980 conviction for speeding, two points had been assigned to his driving record and a ten day suspension had been imposed pursuant to 75 Pa.C.S. § 1544 to run consecutively after the six month suspension.

1. The trial court order is mistakenly dated January 12, 1978.

Appellant appealed from both of these suspension orders issued by PennDOT. The appeals were consolidated for disposition by the Westmoreland County Court of Common Pleas. That court did not accept appellant's contention that, because he had relied on PennDOT's inaction for so great a length of time, appellant would now suffer undue detriment because of the suspensions.

Appellant asserts that his appeal of the notices reactivating his suspensions was timely. Moreover, appellant submits that his appeal being properly within the jurisdiction of the trial court, he has demonstrated such prejudice from PennDOT's delay that the trial court erred in sustaining the suspensions.

PennDOT avers that appellant had the duty to alert it of appellant's withdrawal of his original appeal of the suspension in conjunction with his conviction for driving under the influence of alcohol. PennDOT argues that because of appellant's failure to notify it of the court order dismissing that appeal, the delay complained of here by appellant does not affect PennDOT's authority to enforce its suspensions. PennDOT further contends that the trial court was without jurisdiction to hear appellant's appeals.

We conclude that appellant properly and timely appealed the reactivation of the license suspensions here in issue. We hold that the trial court had jurisdiction to hear these appeals. We also find that court in error with respect to the disposition of those appeals and thus we reverse the court's order sustaining the suspensions.

■ First we note that the Westmoreland County Court of Common Pleas incorrectly held that it was appellant's burden to show that PennDOT had received notice of the withdrawal of appellant's original appeal of his license suspension. While appellant may have withdrawn his appeal voluntarily, the record shows that a court order was entered dismissing his appeal. Consequently, appellant was not obliged to notify PennDOT of the court ordered dismissal of the appeal. Indeed, Rule of Civil Procedure No. 236

places that responsibility squarely upon the court. Any local rules to the contrary notwithstanding, the duty to give notice does not fall upon a party who moves for a voluntary withdrawal of an appeal in the courts of common pleas where there are multiple litigants, Pa.R.C.P. No. 229. The same is true where an order or decree is entered. Pa.R.C.P. No. 236.[2] In the instant matter an order was entered dismissing the appeal. Appellant therefore, was under no legal duty to provide notice of the dismissal to PennDOT.[3]

We now turn to the question of the jurisdiction of the trial court and that court's decision on the merits. Subject matter jurisdiction was properly in the court of common pleas. *Davis v. Commonwealth of Pennsylvania, Department of Transportation*, 122 Pa.Commonwealth Ct. 392, 552 A.2d 338 (1988). In *Davis* we held that the rule that one who withdraws the appeal of his license suspension cannot later appeal the reinstatement of that suspension set down in *Rinck v. Commonwealth*, 59 Pa.Commonwealth Ct. 328, 429 A.2d 1255 (1981) is not inviolate. We proceeded in *Davis* to reason that were we to allow the rule in *Rinck* to preclude an appeal challenging the reasonableness of the delay in enforcing a license suspension, then [PennDOT] could wait decades before reinstating a suspension and its administrative delay would be left totally unchecked. *Davis*, 122 Pa.Commonwealth Ct. at 395, 552 A.2d at 340. Concluding that this result would be intolerable and against the legislature's intent as observed by J. Blatt in *Lemley v.*

2. We are aware that the general rule is that the Rules of Civil Procedure do not apply to statutory appeals. They are instructive, however, as Judge Rogers observed in allowing a necessary procedure under the Rules of Civil Procedure to invoke a defense of the statute of limitations not covered by the Eminent Domain Code. *Hall v. Middletown Township Delaware County Sewer Authority*, 75 Pa.Commonwealth Ct. 181, 461 A.2d 899 (1983). We find the Rules of Civil Procedure to be instructive in this situation to fill the need to give proper notice to a litigant.

3. The caselaw relied upon by the trial court is inapposite. In *Commonwealth v. Pugliano*, 80 Pa.Commonwealth Ct. 203, 471 A.2d 165 (1984) it was held that notice of an appeal from a license suspension must be served upon PennDOT to perfect an appeal. This holding does not speak to the responsibility for notice of the termination of an appeal by either voluntary withdrawal or dismissal after hearing.

*Department of Transportation,* 97 Pa.Commonwealth Ct. 469, 509 A.2d 1380 (1986), *petition for allowance of appeal denied,* 514 Pa. 620, 521 A.2d 934 (1987), we held in *Davis* that where one who withdrew the appeal from his suspension seeks review, not on the merits of the suspension, but of the delay in reinstating it, the *Rinck* rule is inapplicable. *Davis,* 122 Pa.Commonwealth Ct. at 395, 552 A.2d at 340. Therefore we reaffirm the courts of common pleas' jurisdiction over an appeal questioning the reasonableness of the delay in enforcing a license suspension.

Directing our attention to the question of the reasonableness of the delay, we further invoke the guidance of our ruling in *Davis.* Noting that what is reasonable will depend upon the circumstances of the particular case, we observed in *Davis* that the mere passage of time is insufficient to set aside a suspension, *Department of Transportation v. Passerella,* 42 Pa.Commonwealth Ct. 352, 401 A.2d 1 (1979); prejudice must be shown. *Id.* With respect to a showing of prejudice we also observed that loss of a job promotion because of one's inability to drive is insufficient prejudice, *Department of Transportation, Bureau of Traffic Safety v. Kirk,* 48 Pa.Commonwealth Ct. 429, 410 A.2d 95 (1980); the diminishment of employment prospects is legally insufficient to demonstrate the requisite prejudice, *Gilson v. Commonwealth,* 75 Pa.Commonwealth Ct. 616, 462 A.2d 357 (1983); the base assertion that a licensee will lose his job is insufficient where driving is not a part of his job duties but is needed to reach his place of employment, *Chappell v. Commonwealth,* 59 Pa.Commonwealth Ct. 504, 430 A.2d 377 (1981); and mere economic hardship will not justify setting aside a suspension, *Ridge AMC/Jeep Renault, Inc. v. Commonwealth,* 103 Pa.Commonwealth Ct. 174, 520 A.2d 515 (1987), *petition for allowance of appeal denied,* 515 Pa. 602, 528 A.2d 958 (1987), and *Commonwealth v. Emerick,* 373 Pa. 388, 96 A.2d 370 (1953). Finally, we adopted the rationale from our decision in *Department of Transportation v. Hosek,* 3 Pa.Commonwealth Ct. 580, 284 A.2d 524 (1971) where a licensee had changed

position in reliance upon PennDOT's inaction, thereby suffering prejudice from such detrimental reliance when PennDOT sought to enforce suspension of the licensee's driving privileges. We concluded that undue delay coupled with prejudice is a basis to void a suspension.

■ In the instant matter, we find substantial evidence that appellant relied upon PennDOT's inaction. Appellant has renewed his license throughout the ten years since his original conviction and has continuously been employed by an automobile dealership which he inherited in 1982. Appellant testified to the integral relationship between his business and his being licensed to drive. We conclude that appellant having changed his status from a college student when the violation prompting the suspension occurred to that of an automobile dealer, coupled with a ten year period of time represent ample prejudice and delay which form a basis to void appellant's license suspension. Moreover, if the cause for the delay here complained of can be said to have stemmed from the failure of the Allegheny County Court of Common Pleas to notify PennDOT of the court ordered dismissal of appellant's original appeal, then appellant surely should not suffer now on account of that court's apparent oversight.

We therefore reverse the Westmoreland County Court of Common Pleas order to sustain the suspension of appellant's license.

## ORDER

NOW, February 23, 1990, the consolidated order of the Court of Common Pleas of Westmoreland County in the civil actions docketed at No. 2892 of 1988 and No. 4471 of 1988 is reversed.