# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason B. Liss,                 :
            Appellant         :
                                 :
            v.                 :    No. 484 C.D. 2022
                                 :    Submitted: January 27, 2023
Commonwealth of Pennsylvania,     :
Department of Transportation,       :
Bureau of Driver Licensing         :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER         FILED: March 15, 2024

Jason B. Liss (Licensee) appeals from an order of the Montgomery County Court of Common Pleas (trial court) denying his appeal and reinstating a 12-month suspension of his driving privilege, which was imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), for refusing chemical testing. Licensee contends his appeal should be granted because DOT unduly delayed in reinstating the suspension as it had promised to do after Licensee withdrew an earlier appeal and as a result of that delay he would suffer prejudice if forced to effectively serve the 12-month suspension a second time. DOT concedes its delay in suspending Licensee's driving privilege was unreasonable, leaving the

---

[1] This case was reassigned to the author on February 5, 2024.

sole issue of whether Licensee suffered prejudice as a result of that delay. Concluding Licensee has established prejudice analogous to the prejudice in other cases where the courts concluded suspensions should not be imposed, we reverse the trial court's order.

In January 2020, Licensee refused to submit to chemical testing after being arrested for driving under the influence in violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1). Shortly thereafter, DOT notified Licensee that his license would be suspended for 12 months, leading Licensee to file his first appeal with the trial court. In May 2020, Licensee filed a praecipe to withdraw the first appeal so he could begin to serve his suspension. On May 28, 2020, an assistant of Licensee's then-counsel emailed Assistant Counsel in DOT's Office of General Counsel a copy of the time-stamped praecipe and requested DOT to "hand up an [o]rder of suspension of [Licensee's] driving privilege to begin as soon as possible[.]" (Hearing Exhibit (Ex.) C.) Later that same day, Assistant Counsel responded, "[t]hanks for letting me know. We'll get that signed. Have a great day!" (*Id.*) Licensee testified that he refrained from driving for a year, believing his suspension had taken effect at that time. (Reproduced Record (R.R.) at 14a, 18a.) However, in July 2021, Licensee received a notice advising him that the suspension would not take effect until August 20, 2021, more than 14 months after Licensee withdrew his first appeal. (Hearing Ex. A.) This notice prompted Licensee to file another appeal with the trial court, challenging the suspension on the basis of DOT's inaction and delay.[2]

---

[2] Pursuant to *Davis v. Department of Transportation*, Licensee's second appeal is proper, although he withdrew his first appeal of the suspension, as it does not seek review "of the merits of the suspension, but of the delay in reinstating it[.]" 552 A.2d 338, 340 (Pa. Cmwlth. 1988).

At a hearing on the second appeal, DOT acknowledged the delay was unreasonable. However, it opposed the appeal on the ground that Licensee could not establish prejudice as a result thereof. To carry his burden Licensee testified as follows. Licensee works in property management and business had slowed due to the COVID-19 pandemic so Licensee reasoned he did not need to drive as much and both his wife's and daughter's heart conditions[3] were getting worse, so he withdrew his first appeal so he could serve his license suspension then. (R.R. at 6a, 9a-10a, 13a-14a, 16a.) In addition to a heart condition, Licensee's wife suffers from general anxiety disorder, which makes it difficult for her to take their daughter to medical appointments because of a fear of needles that causes her to faint. (*Id.* at 16a-17a.) Licensee's father-in-law, when able, would sometimes accompany the daughter to her appointments. (*Id.* at 17a.) Licensee also described how his daughter's medical condition has worsened since Licensee withdrew the initial appeal and served what he thought was his suspension. (*Id.* at 16a.) Specifically, Licensee explained that his daughter will need to undergo surgery again to replace a valve that she has outgrown. (*Id.*) On cross-examination, Licensee explained that during what he thought was the suspension, he accompanied his wife to their daughter's appointments more often because was he was not working as much. (*Id.* at 19a.)

Licensee also testified that during the time he thought his license was suspended, his work was impacted because he could not lease apartments. (*Id.* at 14a-15a.) He testified the business suffered a loss of income because of the increase in vacancies due to his inability to drive to show the apartments and lease them. (*Id.* at 15a.) Licensee testified that he would suffer these hardships again if he had to serve the suspension now. (*Id.*) Licensee stated he was unaware that he would get

---

[3] Licensee's daughter suffers from a congenital heart condition. (R.R. at 16a.) Licensee's wife also has a heart condition. (*Id.*)

something from DOT notifying him of the suspension when he withdrew the first appeal and thought the suspension was automatically reinstated upon withdrawal of the appeal. (*Id.* at 17a-18a.)

The trial court credited Licensee's testimony; however, it concluded, as a matter of law, that Licensee did not establish the requisite prejudice. (*See* Trial Court Opinion (Op.) at 3 ("Under the facts provided by [Licensee,] he did not demonstrate the prejudice required to overturn his suspension.").) With regard to his daughter's medical condition, the trial court explained Licensee did not "provide[] any reason" that Licensee's wife could not drive Licensee and their daughter to and from medical appointments that Licensee could then attend as "a possible alternative" to getting the daughter to appointments. (*Id.*) The trial court also rejected Licensee's assertion that he could not travel for work, stating:

> The [Commonwealth] Court has established the diminishment of employment prospects is legally insufficient to demonstrate the requisite prejudice. *Rea v.* [*Dep't of Transp., Bureau of Driver Licensing*], 572 A.2d 236, 238 (Pa. Cmwlth. 1990). . . . In this proceeding[, Licensee] is on record saying he would be unable to use his car to get to and from the building. This has been ruled to not qualify as prejudice to cause the suspension to be overturned.

(Trial Court Op. at 3.)

Accordingly, the trial court concluded that Licensee "would not be prejudiced with the license suspension being reinstated" and denied Licensee's appeal. (*Id.* at 4.) Licensee filed a timely notice of appeal.

On appeal,[4] Licensee claims the trial court erred in determining he did not suffer prejudice as a result of DOT's admitted unreasonable delay in imposing the

---

[4] Our review of the trial court's order is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court committed an error of law, **(Footnote continued on next page…)**

4

instant license suspension. Specifically, Licensee contends he detrimentally relied on his reasonable belief that the suspension commenced after he withdrew his initial appeal and refrained from operating a motor vehicle for a year. Moreover, even had he not so refrained, Licensee argues he was nevertheless prejudiced by the fact that he needs to drive his ill daughter to her medical appointments and he must be able to drive in the course of his employment.

DOT responds that the trial court correctly concluded Licensee had not satisfied his burden of establishing prejudice as a result of DOT's delay. DOT argues Licensee's testimony about his wife's inability to drive their daughter for medical care was too vague and uncertain to justify rescinding the suspension. DOT further argues Licensee needing a license to reach his employment, as opposed to as part of his employment, has been rejected as a sufficient reason to justify setting aside a suspension.

It is well established that "undue delay coupled with prejudice is a basis to void a suspension." *Rea*, 572 A.2d at 238. The Pennsylvania Supreme Court recently held:

> We also agree with Commonwealth Court and extra-jurisdictional decisions which have imposed a requirement that the driver demonstrate he or she suffered prejudice from the delay. *See Rea*[, 572 A.2d at 238]; *Miller* [*v. Moredock*, 726 S.E.2d 34, 39-40 (W.Va. 2011)] (stating that actual prejudice from the delay must be demonstrated and then balanced against the reasons for the delay); *In re Garber*, 357 A.2d 297, 299 (N.J. Super. Ct. App. Div. 1976) (holding that prejudice must be proved as a prerequisite to relief from a delayed suspension); *cf.*

---

or whether there was a manifest abuse of discretion. *Dep't of Transp., Bureau of Traffic Safety v. Korchak*, 483 A.2d 1360, 1362 (Pa. 1984). An abuse of discretion is not merely an error of judgment but occurs where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record. *In re Women's Homeopathic Hosp. of Phila.*, 142 A.2d 292, 294 (Pa. 1958).

*Dubbelde v. Dep't of Transp.*, 324 P.3d 820, 826 (Wyo. 2014) (indicating that a driver could not establish a violation of procedural due process without demonstrating prejudice from a one-year administrative delay, as there was no reason to believe a different outcome would have been reached absent the delay). Of particular salience is the Iowa Supreme Court's explanation that the "mere passage of time in and of itself" does not violate the driver's substantive rights. *McFee v. Dep't of Transp.*, 400 N.W.2d 578, 581 (Iowa 1987). The court continued that[] to hold that a long delay alone is grounds for relief "would promote the dangerous driver's rights over those of the general public and would frustrate the legislature's strongly established goal of removing dangerous drivers from the highways." *Id.*

This precept, however, is subject to a limiting principle whereby an extreme delay such as [10] or [12] years may be viewed as *per se* prejudicial. Thus, the South Carolina Supreme Court in *Hipp* [*v. South Carolina Department of Motor Vehicles*, 673 S.E.2d 416 (S.C. 2009),] determined that allowing a suspension [12] years after the underlying conviction would in itself violate due process by denying the driver fundamental fairness. *See* [*id.*] at 417. Finally, the prejudice must be occasioned by the delay and not by the suspension alone—which, while perhaps prejudicial in itself, is an ordinary part of the governing statutory framework. *See generally Reitz v. Mealey*, 314 U.S. 33, 36 . . . (1941) (recognizing that states are permitted to enforce licensing regulations aimed at promoting public safety), *overruled on other grounds by Perez v. Campbell*, 402 U.S. 637, 651-52 . . . (1971). [(Footnote omitted.)]

*Dep't of Transp., Bureau of Driver Licensing v. Middaugh*, 244 A.3d 426, 437-38 (Pa. 2021).

In *Middaugh*, the licensee testified that his own health had worsened during the course of the delay of the suspension.[5] *Id.* at 438-39. The licensee also testified that his wife could have helped him with travel had the suspension occurred in a timely manner, but because it did not, the licensee, who was then going through a

---

[5] In *Middaugh*, the delay was attributable to the county court clerk's office not sending DOT record of the licensee's conviction within 10 days.

divorce, could not afford to pay for rides and did not have any other friends or family who could assist with transportation. *Id.*

Here, while Licensee's own health has not declined, his wife's and daughter's has. Specifically, Licensee testified that his wife's and daughter's medical conditions have worsened from the time he thought his suspension initially took effect until the time he received the notice of suspension from DOT, and another surgery is imminent for his daughter. (R.R. at 6a, 9a-10a, 13a-14a, 16a.) We have held that a licensee can be prejudiced by a delay when the licensee needs to transport a family member with a medical condition to and from medical care. *See Gifford v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 727, 731 (Pa. Cmwlth. 2017) (licensee needed to provide transportation to his daughter who suffered from a seizure disorder). Here, while the trial court reasoned Licensee's wife could still drive Licensee and their daughter to her appointments, which Licensee could then attend with the daughter, the trial court focused solely on the wife's anxiety disorder, which causes her to pass out at the sight of needles, (Trial Court Op. at 3), without regard for how the wife's own worsening heart condition may impact her ability to drive.

Moreover, to the extent the trial court relied upon *Rea* for the proposition that "diminishment of employment prospects is legally insufficient to demonstrate the requisite prejudice[,]" (*id.*), that reliance was misplaced as that proposition is simply inapplicable here. In *Rea*, the Court, in summarizing other decisions, explained that loss of job promotion, diminishment in employment prospects, mere economic hardship, and losing one's job where driving is not part of the licensee's job duties but is needed to reach the place of employment, are not sufficient to establish the requisite prejudice. 572 A.2d at 238. Here, Licensee needs his license as **part** of

7

his job responsibilities, not merely to go **back and forth** to work. Licensee works in property management, which by its very nature, requires, among other things, Licensee to show apartments to potential tenants. This matter is more akin to *DeGrossi v. Department of Transportation, Bureau of Driver Licensing*, 174 A.3d 1187, 1188 (Pa. Cmwlth. 2017), in which the licensee testified he needed his license due to his new job in real estate that required him to drive to various locations as part of his job responsibilities. Here, Licensee testified he needs to drive to show the apartments to prospective lessees as part of his property manager responsibilities. (R.R. at 14a-15a.)

In summary, reasonably believing that he already served a 12-month suspension of his driving privilege, Licensee is now being asked to surrender his license a second time and serve what essentially equates to a suspension twice as long as it was supposed to be, not due to any fault of his own, but because DOT did not timely act to promptly reinstate the suspension for 14-plus months when notified to do so and despite clear assurance that it would. As a result of DOT's admitted unreasonable delay in reinstating the suspension, Licensee has suffered prejudice in the form of being unable to assist his wife, who suffers from medical issues of her own, with transporting their 12-year-old daughter with congenital heart problems that will shortly require another surgery to and from medical appointments. In addition, Licensee has suffered prejudice in not being able to perform job duties that are essential to his profession in property management.

These forms of prejudice are on par with the types of prejudice courts have previously found sufficient to uphold a licensee's appeal of a suspension. Accordingly, based upon DOT's lack of diligence and the resultant prejudice to

8

Licensee, we reverse the trial court's order denying Licensee's appeal of the suspension.

_____
**RENÉE COHN JUBELIRER,** President Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jason B. Liss,                                          :
                          Appellant         :
                                                          :
              v.                                  :         No. 484 C.D. 2022
                                                          :
Commonwealth of Pennsylvania,          :
Department of Transportation,                :
Bureau of Driver Licensing                   :

## **O R D E R**

**NOW**, March 15, 2024, the Order of the Court of Common Pleas of Montgomery County, entered in the above-captioned matter, is **REVERSED**.

_____
**RENÉE COHN JUBELIRER,** President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason B. Liss,                          :
                                        :
                    Appellant           :
                                        :
          v.                            :  No. 484 C.D. 2022
                                        :  Submitted:  January 27, 2023
Commonwealth of Pennsylvania,           :
Department of Transportation,           :
Bureau of Driver Licensing              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE WOJCIK                                 FILED:  March 15, 2024


          I dissent.

          In this appeal, Jason B. Liss (Licensee) claims that the Montgomery

County Court of Common Pleas (trial court) erred in determining that he did not

suffer substantial prejudice as a result of the Department of Transportation's (DOT)

admitted unreasonable delay in imposing the instant license suspension.

Specifically, Licensee contends that he detrimentally relied on *his* reasonable belief

that the suspension commenced after *he* withdrew his prior appeal and refrained

from operating a motor vehicle for a year, including during the COVID-19

shutdown.  Moreover, even had he not so refrained, Licensee maintains he was

nevertheless prejudiced by the fact that he needs to drive his ill daughter to her

medical appointments and that he must be able to drive in the course of his employment.

However, based on the credited testimony, Licensee has merely demonstrated that he will be prejudiced by having to serve a license suspension following the 12-month period that he had voluntarily stopped driving, without having first received written notice of suspension from DOT, during the COVID-19 pandemic. Specifically, Licensee did not show that he changed his position in some manner, or that his driving needs relating to his daughter's medical condition and his employment situation changed as a result of DOT's 14-month delay in imposing the instant suspension. Licensee's belief that he could serve the period of suspension based on the withdrawal of his first appeal and his refraining from driving during the COVID-19 shutdown *were not based on any action by DOT.* Moreover, he admitted at the hearing that his transportation difficulties relating to his job and his daughter *predate* DOT's delay in reinstating the suspension. In short, *DOT's delay is not the source of Licensee's prejudice*, but merely DOT's imposition of the 12-month suspension following his preferred period of suspension during the pandemic that is prejudicial. The Majority's disposition eliminates the requirement that Licensee demonstrate that he suffered prejudice based on his detrimental reliance *on some action, or inaction, by DOT. See, e.g.*, *Department of Transportation, Bureau of Driver Licensing v. Middaugh*, 244 A.3d 426, 437-38 (Pa. 2021) ("Under these facts, we conclude that the trial court's finding – that [the a]ppellee would suffer prejudice if the suspension w[as] to be imposed at this juncture – is supported by competent evidence of record, and moreover, it demonstrates that *prejudice would follow from the fact of the delay itself*.") (emphasis added.)

Accordingly, unlike the Majority, I would affirm the order of the trial court in this case.

_____
MICHAEL H. WOJCIK, Judge