STATE OF HAWAII, Plaintiff-Appellee *v.* WILLIAM SEVERINO, Defendant-Appellant

NO. 5716

JUNE 30, 1975

KOBAYASHI, ACTING C.J., OGATA AND MENOR, JJ., AND CIRCUIT JUDGE KAWAKAMI IN PLACE OF RICHARDSON, C.J., ABSENT, AND CIRCUIT JUDGE KATO ASSIGNED BY REASON OF VACANCY

SAME — *same* — *same*.

Where the *Miranda* warnings are in fact given to a motorist, care must be taken to ensure he is not thereby misled as to his rights, or the absence thereof, under the implied consent law.

SAME — *same* — *grounds* — *refusal to submit to statutory tests*.

Where a motorist is advised contemporaneously of his *Miranda* rights and of the requirements and sanctions of the implied consent law, and is thereby misled into believing that the *Miranda* rights apply to implied consent proceedings, he has not "refused to submit to a test of his breath or blood," as that phrase is used in HRS §§ 286-155 and 286-156.

### OPINION OF THE COURT BY MENOR, J.

This is an appeal from the judgment of the District Court, Second Circuit, revoking defendant-appellant's driving license for six months, pursuant to HRS §§ 286-155 and 286-156.[1]

---

[1] HRS § 286-155 provides in pertinent part as follows:

*Revocation of privilege to drive motor vehicle upon refusal to submit to testing.* If a person under arrest refuses to submit to a test of his breath or blood, none shall be given, but the arresting officer shall, as soon as practicable, submit an affidavit to a magistrate of the district in which the arrest was made, stating:

(1) That at the time of the arrest, he had reasonable grounds to believe the arrested person had either been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of intoxicating liquor;

(2) That the arrested person had been informed of the sanctions of this section; and

(3) That the person had refused to submit to a test of his breath or blood.

Upon receipt of the affidavit, the magistrate shall hold a hearing as provided in section 286-156, and shall determine whether the statements contained in the affidavit are true and correct. If the magistrate finds the statements contained in the affidavit are true, he shall revoke the arrested person's license, permit, or any nonresident operating privilege for a period of six months.

HRS § 286-156 (Supp. 1974) provides as follows:

*Hearing before a district judge.* A hearing to determine the truth and correctness of an affidavit submitted to a district judge shall be held within twenty days after the district judge has received the affidavit.

The district judge shall hear and determine:

(1) Whether the arresting officer had reasonable grounds to believe that the person had been either driving or in actual physical control of a motor vehicle upon the highways while under the influence of intoxicating liquor;

(2) Whether the person was lawfully arrested;

(3) Whether the arresting officer had informed the person of the sanctions of section 286-155; and

(4) Whether the person refused to submit to a test of his breath or blood.

The defendant was driving with his lights off in the early morning hours of July 6, 1974. He was stopped by police officers on patrol and arrested for the offenses of harassment, driving without lights, and operating a motor vehicle while under the influence of intoxicating liquor. He admittedly had been drinking prior to the incident.

Following his arrest, the defendant was taken to the police station where he was advised contemporaneously of his *Miranda* rights and of the requirements and the sanctions of the implied consent law. He thereafter refused to answer any questions or to take any test to determine the amount of alcohol present in his body, until he had been afforded an opportunity to talk to his lawyer. At no time was he explicitly informed that the *Miranda* rights had no application to the implied consent proceedings. The defendant was allowed to call his attorney about an hour after he arrived at the station house. But the police, deeming his earlier refusals sufficient for the invocation of the sanctions of the statute, made no further demands upon him to submit to examination.

The two issues presented on appeal are: 1) whether an operator of a motor vehicle arrested upon a charge of driving while under the influence of intoxicating liquor is entitled to consult with counsel before deciding to submit to the alcoholic content test mandated by the implied consent statute, and 2) whether the district judge properly found that the defendant refused to submit to a test of his breath or blood.

The constitutionality of Hawaii's implied consent law is not in dispute. The validity of such statutes has long been established. *See Robertson v. State ex rel. Lester*, 501 P.2d 1099 (Sup. Ct. Okl. 1972) and cases cited therein.

Under both the Hawaii State and Federal Constitutions, an accused has the right to assistance of counsel "in all *criminal* prosecutions." U.S. Const. amend. VI; Hawaii Const. art. 1, § 11. Actions taken under the implied consent law, however, are *civil* in nature, and hearings before a district judge, pursuant to statute, are in the nature of administrative proceedings. *State v. Gustafson*, 54 Haw. 519, 511 P.2d 161 (1973). Accordingly, a motorist is not entitled to

consult with counsel before deciding to submit to the chemical test prescribed by the implied consent statute. *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971); *Westmoreland v. Chapman,* 268 Cal. App.2d 1, 74 Cal. Rptr. 363 (1968); *Gottschalk v. Sueppel,* 258 Iowa 1173, 140 N.W.2d 866 (1966); *State v. Palmer,* 291 Minn. 302, 191 N.W.2d 188 (1971); *Rusho v. Johns,* 186 Neb. 131, 181 N.W.2d 448 (1970); *State v. Pandoli,* 109 N.J.Super. 1, 262 A.2d 41 (1970); *Robertson v. State ex rel. Lester, supra; Stratikos v. Dept. of Motor Vehicles,* 4 Ore. App. 313, 477 P.2d 237 (1970); *Commonwealth v. Morris,* 218 Pa. Super. 347, 280 A.2d 658 (1971).

Neither is a licensee entitled to the *Miranda* warnings prior to being required to submit to the chemical tests prescribed by statute, inasmuch as the *Miranda* rights are not applicable to implied consent proceedings. *Swenumson v. Iowa Dept. of Public Safety,* 210 N.W.2d 660 (Sup. Ct. Iowa 1973). He is deemed by law to have given his prior consent. HRS § 286-151. Where the warnings, however, are in fact given to the motorist, care must be taken to ensure that he is not thereby misled as to his rights, or the absence thereof, under the implied consent statute. *Swenumson v. Iowa Dept. of Public Safety, supra; State Dept. of Highways v. Beckey,* 291 Minn. 483, 192 N.W.2d 441 (1971). A license to drive once having been issued, the motorist's right to it is not to be jeopardized by his failure to comprehend the nature of the proceedings against him. *See generally, Bell v. Burson,* 402 U.S. 535 (1971). In *Beckey,* the Minnesota court stated:

> Where the interrogating officer undertakes to repeat Miranda warnings given by the arresting officer at the time of the arrest as well as to inform the person arrested of his rights and obligations under the implied-consent statute without at the same time making clear that his constitutional rights to counsel and to remain silent do not apply to the implied-consent statute, it is not unlikely that confusion will occur, resulting in the arrested person's being misled into believing that he may remain silent and that he is being offered the option to postpone his decision and the chemical test until he can consult an attorney. Where the responses of the arrested person upon being

requested to submit to a chemical test indicate that he is asserting a right which he has just been told he is free to assert, it is incumbent upon the officer to make clear that he has no constitutional right to consult an attorney before deciding whether he will submit to a test but merely that, at the time the request is made, he has a right to choose between permitting the test or refusing the test at the risk of revocation of his driver's license. 291 Minn. at 487, 192 N.W.2d at 445.

We agree with the court in *Beckey*, and while the burden is upon the defendant motorist to show that he was in fact confused, *Swenumson v. Iowa Dept. of Public Safety, supra,* we are satisfied from the record before us that the defendant was misled into believing that he had a right to remain silent and to refuse to accede to any demands made upon him by the police until he had consulted with his attorney. *Compare, Reirdon v. Director of Dept. of Motor Vehicles,* 266 Cal. App.2d 808, 72 Cal. Rptr. 614 (1968) (defendant explicitly informed he had no right to presence of counsel at the time test was being administered). Accordingly, we hold that the district judge erred in his determination that the defendant refused to submit to a test of his breath or blood.

Reversed.

*Philip H. Lowenthal,* Deputy Public Defender. *(Donald Tsukiyama,* Public Defender, of counsel) for defendant-appellant.

*Steven R. Scott,* Deputy County Attorney *(Arthur T. Ueoka,* County Attorney, of counsel) for plaintiff-appellee.