STATE OF HAWAII, Plaintiff-Appellant, *v.* YOSHIO UEHARA, Defendant-Appellee

NO. 10865

(D.C. CRT. NO. 83-4383A)

JUNE 25, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant State of Hawaii ("State") appeals a district court's dismissal of a charge against Appellee Yoshio Uehara for refusing to submit to chemical testing of his blood for alcohol concentration. We reverse and remand for further proceedings.

I.

On August 26, 1985, Uehara appeared in district court to answer charges for criminal contempt,[1] driving under the influence of intoxicating liquor ("DUI")[2] and refusing to submit to chemical testing for blood alcohol concentration.[3] The court dismissed the contempt charges and Uehara pled guilty to the DUI charge. After informally questioning Uehara regarding his refusal to submit to a chemical sobriety test, the court dismissed the charge because: "[T]he defendant could not have knowingly waived his requirement to take the chemical breathlizer [sic]-intoxilyzer test and that he was too intoxicated to know what he was doing at that time." (Transcript of 8/26/85 at 13-14). We conclude that the court improperly dismissed this charge.

II

Hawaii Revised Statutes ("HRS") § 286-151 (Supp. 1984) provides that:
Any person who operates a motor vehicle on the public highways of

---

[1]See HRS § 710-1077 (1976).

[2]See HRS § 291-4 (Supp. 1984).

[3]See HRS § 286-155 (Supp. 1984).

the State shall be deemed to have given consent, subject to this part, to a test approved by the director of transportation of the person's breath or blood for the purpose of determining the alcoholic content of the person's blood . . . .

This implied consent "shall not be withdrawn by reason of his being dead, unconscious, or in any other state which renders him incapable of consenting to examination, and the test may be given." HRS § 286-154 (1976).

When, however, a person refuses to submit to such a test, none can be given, but he may be prosecuted for his refusal. HRS § 286-155(a) (Supp. 1984). If, after a hearing, the court determines that such a refusal actually occurred, it must revoke the arrestee's driver's license for twelve months. HRS § 286-155(b) (Supp. 1984).

### A.

The State contends that the trial court erred in concluding that Uehara's extreme intoxication vitiated his implied consent to submit to a chemical sobriety test. We agree.

> [I]f the arrestee is incoherent merely because of extreme intoxication, the arrestee would be regarded as having refused to submit to any test for purposes of HRS § 268-155 (1976 Repl.) and no test would be administered. We agree with the general rule that a driver will not be allowed to defeat the intent of the implied consent laws by later claiming that because he was too intoxicated to refuse to take the sobriety test, his license cannot be revoked. (Citations omitted).

*Rossell v. City & County,* 59 Haw. 173, 185-86 n. 13, 579 P.2d 663, 671 n. 13 (1978). Consequently, Uehara's extreme intoxication does not excuse his refusal to submit to a sobriety test. The trial court, therefore, abused its discretion in dismissing the refusal to submit charge on this ground.

### B.

Uehara claims that the trial court nonetheless possessed the power to dismiss the refusal to submit charge because he had already pleaded guilty to the underlying DUI charge. He argues that since the implied consent statute is intended as a means to enforce the DUI statute, its purpose is satisfied when the defendant pleads guilty to the DUI charge.

In that event, a charge for refusing to submit is superfluous and should be dismissed. We disagree.

Although the implied consent statute is intended to facilitate the enforcement of the DUI statute, *Rossell,* 59 Haw. at 181, 579 P.2d at 669, they are separate and distinct and should be enforced separately. A DUI violation is a criminal offense, *see State v. O'Brien,* 5 Haw. App. ___, ___, 704 P.2d 905, 911, *aff'd,* 68 Haw. ___, 704 P.2d 833 (1985), whereas an implied consent violation is "*civil* in nature, and hearings before a district judge, pursuant to statute, are in the nature of administrative proceedings." (Emphasis in original). *State v. Severino,* 56 Haw. 378, 380, 537 P.2d 1187, 1189 (1975); *see also State v. Gustafson,* 54 Haw. 519, 520, 511 P.2d 161, 162 (1973). Furthermore, the penalties for refusing to submit to testing are "additional penalties and not substitutes for other penalties provided by law." HRS § 286-155 (Supp. 1984). Consequently, the fact that a defendant pleads guilty to the underlying DUI charge does not affect his liability for refusing to submit to a sobriety test.

Reversed and remanded for further proceedings consistent with this opinion.

*Peter Van Name Esser (Earl S. Robinson* on the opening brief and *Arthur E. Ross* on the reply brief) Deputy Prosecuting Attorneys for plaintiff-appellant.

*George K. Noguchi* for defendant-appellee.