STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID L. WINCHESTER, Defendant-Appellant

NO. 12173

(TRAFFIC NO. 87-3293A)

APRIL 5, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for refusal to submit to a sobriety test (HRS § 286-155). We affirm.

Appellant's first contention is that there was a lack of probable cause for the officer to stop appellant's vehicle, ordering him out of the vehicle and to thereafter arrest him. Upon a review of the evidence in the case, it is apparent that there was ample reason for the stop, for ordering appellant out of his car, and for the arrest. The contention to the contrary, on the facts, borders on the ridiculous.

Appellant's second contention was that he had a right to be informed of his privilege under HRS § 286-153 to have an addi-

tional blood test by a physician or other qualified person of his own choosing, and that the failure to inform him of such right prevents his prosecution for refusal to take the test.

Since HRS § 286-153 expressly provides:

> The failure or inability to obtain an additional test by a person shall not preclude the admission of the test or tests taken at the direction of the police officer.

Since the evidence obtained by testing would be admissible in any event, if appellant had consented to the test, we find absolutely no merit in the contention that the failure to inform him of the right to independent testing vitiates the charge of refusal to consent.

Appellant's third point is that since the refusal to submit to testing is a civil, rather than a criminal charge, the prosecuting attorney had no authority to prosecute the case in question.

While refusal to submit to testing has been classified as a civil rather than a criminal action, nevertheless, it is a violation of the statutes of the State of Hawaii and thus an offense against them within the power of the prosecutor to pursue pursuant to the provisions of § 8-105, Revised Charter of the City and County of Honolulu.

Appellant also contends that the district court has no jurisdiction over the offense charged. Like appellant's other points, this one is also absolutely devoid of merit. Affirmed.

*Paul J. Cunney* on the brief for appellant.

*Lila B. LeDuc,* Deputy Prosecuting Attorney, on the brief for appellee.