**STATE OF HAWAII**, Plaintiff–Appellee, v. **KAREN JOAN BUSBY**, Defendant–Appellant

NO. 13809

(D.C. NO. TR2P)

JUNE 15, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

This is an appeal by Defendant–appellant Karen Joan Busby from the revocation of her driver's license under Hawaii Revised Statutes (HRS) § 286–155 for refusing to submit to a breath or

blood test after being arrested for driving under the influence of intoxicating liquor.

Under HRS § 286–155(a), if a person under arrest refuses to submit to a breath or blood test, the arresting officer submits an affidavit to a district judge stating:

(1) That at the time of the arrest, the arresting officer had reasonable grounds to believe the arrested person had either been driving or was in actual physical control of a motor vehicle or moped upon the public highways while under the influence of intoxicating liquor;

(2) That the arrested person had been informed of the sanctions of this section; and

(3) That the person had refused to submit to a breath or blood test.

Upon receipt of the affidavit, a district judge must hold a hearing to determine whether the statements contained in the affidavit are true. HRS § 286–155(b). If the judge finds the statements to be true, the judge revokes the arrested person's driver's license. *Id.*

Prior to her respective hearing date, defendant Busby filed and served a Request for Admissions on the State pursuant to Rule 36 of the District Court Rules of Civil Procedure (DCRCP). The State never responded to the request. The district court denied Busby's motion to dismiss the case for the State's failure to respond. The court ruled that Rule 36 of the District Court Rules of Civil Procedure was inapplicable and that Rule 33(a) of the Rules of the District Courts of the State of Hawaii (RDC) controlled in cases of refusal to submit to a breath or blood test. Under RDC 33(a), a defendant has no right to request admissions from the State. The district court found the statements in the affidavit to be true and revoked defendant's license.

We affirm.

RDC 1 states that all proceedings shall be divided into four classes: civil, small claims, criminal, and traffic. Here, the case is

clearly not a small claims case, nor a criminal case, and thus it is either a civil or a traffic case. RDC 33 explicitly applies to *traffic* cases, whereas DCRCP 36 applies in "suits of a civil nature." See DCRCP 1.

In cases of refusal to submit to a breath or blood test, the drivers who are stopped and arrested for driving under the influence of intoxicating liquor on a public highway obviously affect traffic safety, and the penalty imposed under HRS § 286–155, revocation of the driver's license, is directly related to traffic safety. Furthermore, HRS § 286–155 is intended to facilitate enforcement of the DUI statute, *see State v. Uehara*, 68 Haw. 512, 721 P.2d 705 (1986), and it is clear that DUI is a traffic offense. *Cf. State v. Leatiota*, 69 Haw. 253, 739 P.2d 930 (1987). The committee report in support of the refusal to submit statute declares that, "[t]he purpose of this bill is to establish a sound and practicable *traffic safety* program for the State of Hawaii." Sen. Conf. Comm. Rep. No. 23, in 1967 Senate Journal, at 824 (emphasis added). In addition, *prosecutors* are empowered to try cases of refusal to submit to a breath or blood test, *see State v. Winchester*, 69 Haw. 600, 752 P.2d 105 (1988), a characteristic common to traffic rather than civil proceedings.

Although we have stated on several occasions that refusal to submit cases are "civil in nature," *see, e.g., State v. Severino,* 56 Haw. 378, 537 P.2d 1187 (1975); *State v. Uehara*, 68 Haw. 512, 721 P.2d 705 (1986); *cf. State v. Winchester*, 69 Haw. 600, 752 P.2d 105 (1988), the "civil" description was used only to distinguish refusal to submit cases from *criminal* cases. In the above cases, whether a refusal to submit case was a *traffic* case as opposed to a civil case was not at issue.

We hold, therefore, that cases of refusal to submit to a breath or blood test under HRS § 286–155 are traffic and not civil cases, and that RDC 33(a) is applicable. Consequently, Busby was not entitled to request admissions from the State.

Affirmed.

*Arthur Ross* (*Paul J. Cunney* with him on the briefs) for defendant–appellant.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for plaintiff–appellee.