586 A.2d 1034

**Patrick John WALSH, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 1990.

Decided Feb. 11, 1991.

Wayne H. Hundertmark, Canberry, for appellant.

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel–in–Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Patrick John Walsh (Walsh) appeals from the order of the Court of Common Pleas of Venango County sustaining the reinstatement of two suspensions of Walsh's operating privilege by the Commonwealth of Pennsylvania, Department of Transportation (DOT). The trial court's order is reversed.

By official notice dated April 4, 1985, DOT notified Walsh that his operating privilege was suspended for a period of one year, effective May 9, 1985, pursuant to Section 1547 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1547, as a result of Walsh's refusal to submit to a chemical blood alcohol test. Thereafter, by official notice dated May 24, 1985, DOT notified Walsh that his operating privilege was suspended for an additional one-year period, effective May 9, 1986, pursuant to Section 1532 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1532, as a result of his conviction for violating Section 3731 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 3731 (driving while under the influence of alcohol or a controlled substance). Walsh appealed the suspension imposed pursuant to Section 1547 to the trial court, but did not appeal the subsequent suspension imposed pursuant to Section 1532. Upon receiving Walsh's

notice of appeal, DOT restored Walsh's operating privilege from both suspensions pending the outcome of the appeal.[1]

The trial court listed a hearing date for Walsh's appeal, but prior to that date Walsh moved to have the appeal withdrawn. The trial court granted Walsh's motion to withdraw the appeal on June 24, 1985 and directed the prothonotary to notify DOT of this disposition. There is no evidence that a copy of that order was ever served upon DOT; however, DOT's records contain a notation that the appeal had been withdrawn on June 24, 1985, but without indication as to when this notation was made. Walsh thereafter surrendered his license to DOT which returned the license because of the pending appeal with the instruction that he was not to return it again until he heard from DOT. Walsh next heard from DOT when it mailed him a license renewal application. Notwithstanding, DOT took no action for over four years until an administrative review of old appeals disclosed that Walsh's appeal had been withdrawn and DOT notified Walsh by official notices dated November 7, 1989 that the two suspensions were reinstated. These suspensions are the subject of this appeal.

In the interim, Walsh had proceeded to conduct his life as if "his suspension problems were behind him." Trial Court Opinion, p. 6. After losing his sales job because of the first notice of suspension, Walsh became employed as a security guard and bicycled to work for fifteen months. Eventually, Walsh secured another sales job at a salary of $30,000 a year which, as a condition of his employment, requires Walsh to drive. After obtaining this employment, Walsh purchased a house and two automobiles for which he has continuing monthly obligations. The trial court concluded that Walsh had demonstrated with "ample credible evidence" that because of the delay in imposing the suspensions, Walsh had been prejudiced and had changed his position in reliance upon DOT's inactivity. *Id.* p. 5.

1. DOT's decision not to impose the suspension pursuant to Section 1532, which was not appealed by Walsh, was because of its internal policy at that time of postponing all pending suspensions of an operator until any and all appeals are considered and ruled upon.

Notwithstanding its finding of prejudice, the trial court concluded that the evidence did not prove that the delay in notifying Walsh of the suspensions was attributable to DOT and on that basis denied the appeal. Walsh thereupon appealed to this Court, contending that the evidence demonstrated that the delay is attributable to DOT for various reasons. This Court's scope of review of trial court decisions of license suspension appeals is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of its discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

In *Rea v. Department of Transportation, Bureau of Driver Licensing*, 132 Pa.Commonwealth Ct. 145, 572 A.2d 236 (1990), this Court reviewed an operator's appeal from a trial court's reinstatement of a suspension under circumstances similar to the present case. Rea was convicted in May, 1978 for a violation of Section 3731, and two months later was notified by DOT that his operating privilege would be suspended for the applicable period. Rea appealed the suspension to the trial court which dismissed the appeal by order entered January 12, 1979 upon Rea's motion requesting dismissal. Over nine years later, DOT notified Rea that his operating privilege was being suspended because of the 1978 conviction. Rea appealed the suspension because of the unreasonable delay, which appeal the trial court denied finding that Rea had failed to meet his burden of showing that DOT received notice of the trial court's dismissal of the original license suspension appeal and further finding that Rea failed to show that he had relied upon DOT's inaction to his detriment.

In reversing the trial court, this Court held that an operator is not obliged to notify DOT of a court-ordered dismissal of an appeal, which responsibility rests upon the issuing court. This Court further held that undue delay of a license suspension coupled with prejudice suffered by the

operator is a basis to void a suspension. Having found that the evidence demonstrated that Rea detrimentally changed his status because of DOT's inaction, this Court concluded that "if the cause for the delay here complained of can be said to have stemmed from the failure of the [trial court] to notify PennDOT of the court ordered dismissal of appellant's original appeal, then appellant surely should not suffer now on account of that court's apparent oversight." *Id.* 132 Pa.Commonwealth Ct. at 151, 572 A.2d at 238–39.

In the case *sub judice*, the trial court held that because of the prothonotary's "apparent failure" to serve the order dismissing Walsh's appeal upon DOT, any delay in imposing the suspension cannot be attributable to DOT, and thus Walsh's challenge to the reasonableness of the delay is without merit. Trial Court Opinion, p. 4. In accordance with *Rea*, the trial court's holding is an error of law. The prothonotary's oversight may not be applied to Walsh's prejudice.

Although this Court has often held in license suspension matters that judicial delay may not be attributable to DOT (*see, e.g., Department of Transportation, Bureau of Traffic Safety v. William A. Davis*, 106 Pa.Commonwealth Ct. 613, 527 A.2d 607 (1987)), these holdings stem from the underlying principle that DOT may not revoke or suspend an operating privilege until it receives a certified record of conviction upon which a suspension may be imposed. *See Schultz v. Department of Transportation*, 88 Pa.Commonwealth Ct. 43, 488 A.2d 408 (1985); *Chappell v. Commonwealth*, 59 Pa.Commonwealth Ct. 504, 430 A.2d 377 (1981); *Department of Transportation, Bureau of Traffic Safety v. Parr*, 56 Pa.Commonwealth Ct. 203, 424 A.2d 604 (1981). *See also* Section 1532 of the Vehicle Code (DOT shall revoke or suspend the operating privilege of any driver upon receipt of a certified record of the driver's conviction of certain violations). An appeal of a suspension, however, involves different circumstances. The conviction or event for which a suspension may be imposed has been established and notice given, and in the appeal proceedings DOT

is an active party with the duty to keep abreast of all developments in the appeal process. *See, e.g., Ulakovic v. Metropolitan Life Insurance Co.,* 339 Pa. 571, 16 A.2d 41 (1940) (the law presumes that an action is abandoned if after many years neither party proceeds). Moreover, this duty is particularly evident where DOT, as here, received notice of the hearing date scheduled for Walsh's appeal.

In the case *sub judice,* the trial court found that DOT became aware of the disposition of Walsh's appeal only after an administrative review of old appeals which happened to take place over four years after Walsh's appeal was withdrawn. Conceivably, this administrative review might have taken place even later, perhaps as many as nine years or more after the appeal was withdrawn, which would place this case within the time frame of *Rea.* To allow DOT to reinstate a suspension after an unreasonable period of time following the dismissal or withdrawal of an appeal, resulting in prejudice to the operator, because the delay is "attributable" to the judiciary, would create an unjust and unreasonable result. *See Neal B. Davis v. Department of Transportation,* 122 Pa.Commonwealth Ct. 392, 552 A.2d 338 (1988) (where the Vehicle Code does not set a time limit in which DOT must impose a suspension, DOT must impose the suspension within a reasonable time).[2] Further, this Court must question whether all of the delay in this case is attributable to the judiciary when DOT has knowledge of the appeal, a hearing is scheduled and notice given to DOT, and DOT thereafter receives no information about the appeal proceedings and does not inquire about them for over four years.

This Court also notes once more that an appeal was taken in only one of Walsh's suspensions. DOT had knowledge that Walsh was not challenging the Section 1532 suspension from the time the appeal period ran on that suspension.

2. *See Rea, Neal B. Davis,* and *Lemley v. Department of Transportation,* 97 Pa.Commonwealth Ct. 469, 509 A.2d 1380 (1986), *appeal denied,* 514 Pa. 620, 521 A.2d 934 (1987), for a general discussion of the considerations made to determine whether a delay in imposing a license suspension is reasonable or unreasonable.

Moreover, a failure by DOT to properly enter receipt of notices in its records would effectively preclude an operator, in the appropriate case, from proving that the delay was attributable to DOT and not the judiciary. In this case, DOT failed to record when it received notice of the withdrawal of Walsh's appeal although information concerning the date of withdrawal was noted in DOT's records.

Finally, DOT contends that Walsh failed to show that he changed his circumstances in reliance upon a belief that his operating privilege would not be suspended. This Court's review of the record, however, leads to the conclusion that the trial court's finding of prejudice and change of circumstances is supported by competent evidence. Accordingly, this Court's disposition in *Rea* controls, and the order of the trial court must be reversed.

## ORDER

AND NOW, this 11th day of February, 1991, the order of the Court of Common Pleas of Venango County, entered February 16, 1990, is hereby reversed.