**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **MICHAEL S. MYERS**, Defendant–Appellant

NO. 15166

(TRAFFIC NO. S49317A)

APRIL 28, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE KAULUKUKUI, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* After his arrest for driving under the influence of intoxicating liquor (DUI), defendant Michael S. Myers (Defendant) refused to submit to a breath or blood test. Consequently, the district court revoked Defendant's driver's license for one year. Defendant appealed the revocation. After the supreme court affirmed the revocation, the district court granted the State

of Hawai'i's (State's) "Motion to Execute Sentence." In this, his second appeal, Defendant contends that the district court erred in ordering execution of the sentence because the State inexcusably failed to enforce the revocation order for more than three years after the supreme court's entry of the judgment on Defendant's first appeal. We vacate the district court's order granting the State's "Motion to Execute Sentence" and remand the case for further proceedings.

## I.

On December 2, 1986, after an evidentiary hearing, the district court revoked Defendant's driver's license for a period of one year pursuant to Hawai'i Revised Statutes (HRS) § 286–155 (1985).[1] Upon Defendant's oral notice of appeal, the court

---

[1] Hawai'i Revised Statutes (HRS) § 286–155 (1985) provided that, if a person arrested for driving under the influence of intoxicating liquor (DUI) refuses to submit to a breath or blood test, the arresting officer shall submit to a district judge an affidavit which shall state that (1) at the time of the arrest, the arresting officer had reasonable grounds to believe that the arrested person was DUI; (2) that the arrested person had been informed of the sanctions contained in § 286–155; and (3) the arrested person refused to submit to a breath or blood test. The section further provided that upon holding a hearing, if the district judge finds the statements in the affidavit to be true, the judge shall revoke the driver's license of the arrested person for a period of one year for the first revocation and for a period of not less than two years and not more than five years for any subsequent revocation.

In 1990, when the legislature enacted the "Administrative Revocation of Driver's License" law, it repealed HRS §§ 286–155, –156, and –157, effective July 1, 1991. Act 188, § 10, 1990 Haw. Sess. Laws 399, 412. However, in its 1991 Special Session, the legislature enacted HRS [§ 286–155.5] (Supp. 1991) which provides:

**Revocation of privilege to drive motor vehicle or moped upon refusal to submit to breath or blood test.** If a person under arrest refuses to submit to a breath or blood test, none shall be given, except as provided in section 286–163, but the person shall be subject to the procedures and sanctions under part XIV.

Part XIV of HRS Chapter 286 is entitled "Administrative Revocation of Driver's License."

continued the matter to January 2, 1987, for execution of sentence or perfection of appeal, stating that upon posting of a $1,000 bond, the revocation would be stayed pending the outcome of the appeal. Defendant perfected his appeal.

On October 6, 1987, the supreme court affirmed the revocation of Defendant's driver's license by a memorandum opinion in Appeal No. 11855. On November 16, 1987, the supreme court entered its judgment on appeal and notice of judgment on appeal.[2]

On January 9, 1991, more than three years after the filing of the judgment on appeal and the notice of entry of the judgment on appeal, the State filed a "Motion to Execute Sentence"[3] in the district court. On February 1, 1991, Defendant filed a memorandum in opposition to the State's motion, arguing that the State's inexcusable lengthy delay in seeking execution had prejudiced him and a revocation of his driver's license would be inequitable. In an accompanying affidavit, Defendant stated in part as follows:

5. In 1987 his profession in the development industry consisted in major part of office work which did not necessitate a great deal of travel by automobile;

6. His business has evolved, however, to a point where all of the conduct of his business requires driving to different projects in which he is involved around the island;

7. He will suffer great hardship if he is unable to operate his automobile for business reasons, in fact, he will not be able to carry on his business.

---

[2] Hawai'i Rules of Appellate Procedure Rule 41(b) imposes on the prevailing party, the State of Hawai'i (State) in this case, the obligation of preparing and submitting "a proposed final judgment and notice of final judgment."

[3] The parties agree that the supreme court's judgment on appeal was not self-executing and a State's motion for execution of the order revoking Defendant's driver's license was necessary in this case.

At a hearing on February 7, 1991, the district court heard the arguments of the parties and granted the State's "Motion to Execute Sentence." Defendant obtained a stay of execution and timely appealed.

## II.

Defendant starts with the premise that an implied consent action under HRS § 286–155 is " 'civil' in nature." *State v. Severino*, 56 Haw. 378, 380, 537 P.2d 1187, 1189 (1975) (emphasis in original).[4] *See also State v. Uehara*, 68 Haw. 512, 515, 721 P.2d 705, 706–07 (1986). Defendant then argues that the district court should have concluded that the equitable doctrine of laches precluded the State from seeking execution of the driver's license revocation order more than three years after the supreme court's October 16, 1987 entry of the judgment on appeal.

Defendant's argument is without merit. District courts, which are courts of limited jurisdiction, have no equity jurisdiction because the same is reserved to the circuit courts. HRS § 603–21.7(a)(3) (1985)[5] grants the circuit courts "original and

---

[4] In *State v. Busby*, 71 Haw. 408, 793 P.2d 1187 (1990), however, the supreme court concluded that, with respect to requests for discovery, an HRS § 286–155 action was a traffic, rather than a civil, case and the Rules of the District Court Rule 33(a), rather than District Court Rules of Civil Procedure Rule 36, was applicable.

[5] HRS § 603–21.7(a)(3) (1985) reads:

Nonjury cases. The several circuit courts shall have jurisdiction, without the intervention of a jury except as provided by statute as follows:
(a)   Of actions or proceedings:
* * *
(3)   For enforcing and regulating the execution of trusts, whether the trusts relate to real or personal estate, for the foreclosure of mortgages, for the specific performance of contracts, and except when a different provision is made they shall have original and exclusive jurisdiction of all other cases in the nature of suits in equity, according to the usages and principles of courts of equity[.]

exclusive jurisdiction" of suits in equity. Thus, the district court was without jurisdiction to apply the equitable doctrine of laches in this case.

On the other hand, the State relies on HRS § 657–5 (1985),[6] which provides for a ten–year statute of limitations for domestic judgments and decrees. The State contends that the district court's December 2, 1986 order revoking Defendant's driver's license for one year was a "judgment" of a court of record that could be enforced at any time before the expiration of ten years. We disagree.

First, although the district court is a court of record, the supreme court has stated that "implied consent violation . . . 'hearings before a district judge, pursuant to statute, are in the nature of administrative proceedings.' " *State v. Uehara*, 68 Haw. at 515, 721 P.2d at 706–07 (quoting *State v. Severino*, 56 Haw. at 380, 537 P.2d at 1189). Thus, an HRS § 286–155 license revocation order is more like an administrative order than a judgment subject to the HRS § 657–5 ten–year statute of limitations.

Second, in our view, the legislative policy supportive of the implied consent law would not condone allowing the State the discretion of enforcing an HRS § 286–155 license revocation order any time within a period of ten years.

The purpose of the implied consent law is to facilitate the enforcement of the DUI laws. As the supreme court stated, " 'implied consent' to [breath or blood] testing remains the linchpin of the program to keep [intoxicated drivers] off the highways." *State v. Tengan*, 67 Haw. 451, 457, 691 P.2d 365, 369 (1984).

---

[6] HRS § 657–5 (1985) provides in its entirety:

> **Domestic judgments and decrees.** Every judgment and decree of any court of record of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered, and no action shall be commenced thereon after the expiration of ten years after the judgment or decree was rendered.

HRS § 286–155(a) requires the arresting officer to submit an affidavit to the district judge "as soon as practicable." HRS § 286–156 then provides that a hearing "shall be held within twenty days after the district judge has received the affidavit." The twenty–day hearing requirement is mandatory, not directory. *State v. Himuro*, 70 Haw. 103, 761 P.2d 1148 (1988). Thus, the thrust of the implied consent law is to get the arrested driver, who refuses to submit to a breath or blood test, off the highway as soon as practicable.

Accordingly, where an appellate court enters a judgment on appeal affirming a district court's HRS § 286–155 order revoking a driver's license, it behooves the State to proceed to enforce the revocation order as soon as practicable.

Citing *Walsh v. Commonwealth of Pennsylvania, Department of Transportation*, 137 Pa. Commw. 549, 586 A.2d 1034 (1991), Defendant contends that, due to the State's inexcusable delay, the order revoking his driver's license should have been voided. In *Walsh*, the Pennsylvania Department of Transportation (DOT) administratively suspended the defendant's driver's license for one year for failure to submit to a chemical blood alcohol test. The defendant appealed to the court of common pleas. Later, the defendant withdrew his appeal. Evidence indicated that the DOT received notification of the withdrawal of the appeal. Four and one–half years later, the DOT reinstated the suspension. After the court of common pleas denied his appeal of the suspension reinstatement, the defendant appealed to the commonwealth court. The commonwealth court reversed, stating that the rule in Pennsylvania is that "undue delay of a license suspension coupled with prejudice suffered by the operator is a basis to void a suspension." 137 Pa. Commw. at 552–53, 586 A.2d at 1036. However, the prejudice must result from the driver having "changed [his] position in reliance upon [the DOT's] inaction[.]" *Rea v. Commonwealth of Pa., Dep't of Transp.*, 132 Pa. Commw. 145, 150–51, 572 A.2d 236, 238 (1990).

The State has the obligation of enforcing an HRS § 286–155 license revocation order in the time frame intended by the legislature. We believe that the adoption of a modified Pennsylvania rule is necessary to pressure the State in meeting this obligation. We therefore hold that, where an appellate court affirms the district court's HRS § 286–155 license revocation order, where after the appellate court's entry of the final judgment on appeal the State's commencement of a proceeding to enforce the revocation order is unreasonably delayed, and where the defendant is substantially prejudiced because of such delay, the district court should void the license revocation order. Unlike the Pennsylvania court in *Rea*, however, we conclude that the defendant's prejudice need not result from a change of position in reliance upon the State's delay. Such element is too subjective in nature.

### III.

Here, the State's delay of over three years to enforce the license revocation order after the filing of the final judgment on appeal was clearly unreasonable. However, the record is devoid of any finding by the district court whether Defendant was substantially prejudiced. We must, therefore, remand the cause with directions that the district court hold an evidentiary hearing and make findings on the issue of prejudice, if any, suffered by Defendant during the period of the State's delay.

Accordingly, we vacate the district court's order granting the State's "Motion to Execute Sentence" and remand the case for further proceedings consistent with this opinion.

*Frederick W. Rohlfing III (James A. Stubenberg* and *Kim H. Dietz* with him on the briefs; Stubenberg & Durrett, Attorneys at Law, of counsel) for defendant–appellant.

*James H. S. Choi,* Deputy Prosecuting Attorney, for plaintiff–appellee.