**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000716
17-MAY-2019
08:06 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
TROY HOSAKA, Defendant-Appellee

NO. CAAP-16-0000716

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0057)

MAY 17, 2019

LEONARD, PRESIDING JUDGE, REIFURTH AND CHAN, JJ.

OPINION OF THE COURT BY CHAN, J.

Plaintiff-Appellant State of Hawaiʻi (State) appeals from the Findings of Fact; Conclusions of Law and Order Granting Defendant's Motion to Suppress Breath Test (Order Granting Motion to Suppress), filed on September 26, 2016, in the Circuit Court of the First Circuit (circuit court).[1]

I.  BACKGROUND

On January 11, 2016, Defendant-Appellee Troy Hosaka (Hosaka) was arrested by a Honolulu Police Department (HPD) officer for the offenses of Habitually Operating a Vehicle Under

---

[1]     The Honorable Glenn J. Kim presided.

the Influence of an Intoxicant (Habitual OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61.5 (Supp. 2016), and Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (Operating Vehicle After License Suspended/Revoked), in violation of HRS § 291E-62(a)(2) (Supp. 2016).

After Hosaka's arrest, the arresting officer read to Hosaka the provisions of the form titled "USE OF INTOXICANTS WHILE OPERATING A VEHICLE IMPLIED CONSENT FOR TESTING" (Implied Consent Form).[2] The Implied Consent Form informed arrested individuals of the following information:

> Pursuant to chapter 291E, Hawaii Revised Statutes (HRS), Use of Intoxicants While Operating a Vehicle, you are being informed of the following:
>
> 1.____ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the person[']s breath, blood, or urine as applicable.
>
> 2.____ You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.
>
> 3.____ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content. If you do refuse, then none shall be given, except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you may be subject to up to the sanctions of 291E-65 if you are under 21 years of age at the time of the offense. In addition, you may also be subject to the procedures and sanctions under chapter 291E, part III.

Hosaka initialed next to each section to indicate his acknowledgment of the information provided therein. Hosaka also initialed next to "AGREED TO TAKE A BREATH TEST AND REFUSED THE BLOOD TEST" and signed his name at the bottom of the form. Upon Hosaka's signing of the Implied Consent Form, an HPD officer administered a breath test to Hosaka and the results of the breath test were incorporated into the police reports generated for this case.

_____

[2] The Implied Consent Form is identified as "HPD-396K (R-11/15)" at the bottom left of the form.

The State charged Hosaka with: one count of Habitual OVUII, in violation of HRS §§ 291E-61.5(a)(1) and (a)(2)(A) (Supp. 2016) and/or 291E-61.5(a)(1) and (a)(2)(c) (Supp. 2016); and one count of Operating Vehicle After License Suspended/Revoked, in violation of HRS § 291E-62(a)(2) (Supp. 2016).

On August 10, 2016, Hosaka filed a Motion to Suppress Breath Test (Motion to Suppress) to preclude the use of any evidence derived from the breath test at trial. Hosaka contended that the Implied Consent Form did not follow the procedure required by HRS §§ 291E-11 (2007) and 291E-15 (Supp. 2015), rendering his purported consent to be involuntary, and therefore the breath test constituted a warrantless search in violation of his due process rights.

On September 7, 2016, at the hearing on the Motion to Suppress, the circuit court orally granted the Motion to Suppress. The circuit court subsequently issued its Order Granting Motion to Suppress on September 26, 2016.

## II. POINTS OF ERROR

On appeal, the State contends that the circuit court erred in making the following conclusions of law in granting Hosaka's Motion to Suppress:

(1) that the standard HPD Implied Consent Form "does not comply with the requirements and mandate of HRS Sections 291E-11, 291E-15, and 291E-65, read *in pari materia*," because it does not give an OVUII suspect an "unencumbered choice to refuse to submit to a test for alcohol concentration" and that therefore any purported consent given by an OVUII suspect pursuant to that form is "null and void";

(2) that "burdening an arrestee's election to refuse with *any significant sanctions* cannot help but render any subsequent purported consent legally insufficient and therefore null and void"; and

(3) that because "[t]here is categorically no possibility for an arrestee to know that the sanctions are solely administrative rather than criminal, much less exactly *what* those sanctions specifically are, or even what they *may be*," it is

3

"simply not possible" for an arrestee to give "'knowing' or 'intelligent'" consent.

### III. STANDARDS OF REVIEW

A trial court's ruling on a motion to suppress evidence is reviewed *de novo* to determine whether the ruling was "right" or "wrong." State v. Edwards, 96 Hawai'i 224, 231, 30 P.3d 238, 245 (2001). "[F]actual determinations made by the trial court deciding pretrial motions in a criminal case [are] governed by the clearly erroneous standard[,]" and "conclusions of law are reviewed under the right/wrong standard." Id. (quoting State v. Eleneki, 92 Hawai'i 562, 564, 993 P.2d 1191, 1193 (2000)).

Statutory interpretation is "a question of law reviewable *de novo*." State v. Levi, 102 Hawai'i 282, 285, 75 P.3d 1173, 1176 (2003) (citation omitted). Statutory construction is guided by established rules:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008) (citation omitted).

### IV. DISCUSSION

**A.  Compliance with Hawai'i Law Governing Use of Intoxicants**

The State argues that the Implied Consent Form fully complied with the requirements of HRS §§ 291E-11, 291E-15, and 291E-65, read *in pari materia*. The State contends that the circuit court erred in concluding that an OVUII arrestee must be given an "unencumbered choice to refuse to submit to a test for alcohol concentration" because the plain language of the statutes does not contain such a requirement. The State also argues that the proper result of a failure to comply with the procedure established in HRS § 291E-15 is the prohibition of the imposition of sanctions under part III or IV of HRS chapter 291E, rather than the suppression of an otherwise valid breath test.

4

We first address whether the Implied Consent Form complies with the requirements provided in the relevant statutory provisions. This state's implied consent statute is HRS § 291E-11 (2007), which provides, in relevant part:

> §291E-11 Implied consent of operator of vehicle to submit to testing to determine alcohol concentration and drug content. (a) Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent, subject to this part, to a test or tests approved by the director of health of the person's breath, blood, or urine for the purpose of determining alcohol concentration or drug content of the person's breath, blood, or urine, as applicable.
> (b) The test or tests shall be administered at the request of a law enforcement officer having probable cause to believe the person operating a vehicle upon a public way, street, road, or highway or on or in the waters of the State is under the influence of an intoxicant or is under the age of twenty-one and has consumed a measurable amount of alcohol, only after:
> (1) A lawful arrest; and
> (2) The person has been informed by a law enforcement officer that the person may refuse to submit to testing under this chapter.

Under the implied consent statute, all drivers on roads in Hawai'i are deemed to have given consent to submit to a test of their breath, blood, or urine for the purpose of determining alcohol concentration or drug content. Before such test is administered, however, the officer must inform the individual that the individual has a right to refuse to submit to testing and so withdraw his or her implied consent.

At the time of Hosaka's arrest, HRS § 291E-15 (Supp. 2015) provided:

> §291E-15 Refusal to submit to breath, blood, or urine test; subject to administrative revocation proceedings. If a person under arrest refuses to submit to a breath, blood, or urine test, none shall be given, except as provided in section 291E-21. Upon the law enforcement officer's determination that the person under arrest has refused to submit to a breath, blood, or urine test, if applicable, then a law enforcement officer shall:
> (1) Inform the person under arrest of the sanctions under section 291E-41, 291E-65, or 291E-68;[3] and
> (2) Ask the person if the person still refuses to submit to a breath, blood, or urine test, thereby subjecting the person to the procedures

---

[3] HRS § 291E-68, which provided for criminal sanctions, was repealed by the legislature in 2016 in response to Hawai'i case law. See 2016 Haw. Sess. Laws Act 17, § 2 at 21. At the same time, HRS § 291E-15 was amended to remove the reference to HRS § 291E-68. See id. § 1 at 21. Because of these legislative amendments, we do not address HRS § 291E-68 as a requirement in our discussion of the implied consent scheme herein.

> > and sanctions under part III or section 291E-65,
> > as applicable;
> provided that if the law enforcement officer fails to comply
> with paragraphs (1) and (2), the person shall not be subject
> to the refusal sanctions under part III or IV.

(Emphases added). We construe HRS § 291E-15 as requiring that the arrestee have an initial opportunity to refuse to submit to testing before being informed of the possible sanctions for such refusal. Under HRS § 291E-15(2), the arrestee must then have a second opportunity, after being informed about the possible sanctions, to refuse to submit to testing. Read *in pari materia* with HRS § 291E-11 -- which provides that a test may be administered under the implied consent scheme only where there has been an arrest and the arrestee has been informed of the right to refuse -- HRS § 291E-15 provides further instruction in cases where an arrestee exercises the right to withdraw consent and refuses to submit to testing.

The distinction between the two separate opportunities to refuse to submit to testing is further illustrated in HRS § 291E-65 (Supp. 2016), which applies to an arrestee who is under the age of twenty-one at the time of arrest, and establishes administrative sanctions for the refusal to consent and the procedure leading up to the imposition of such sanctions.[4] At the time of Hosaka's arrest, HRS § 291E-65 (Supp. 2016) provided, in relevant part:

> **§291E-65 Refusal to submit to testing for measurable amount of alcohol; district court hearing; sanctions; appeals; admissibility.** (a) If a person under arrest for operating a vehicle after consuming a measurable amount of alcohol, pursuant to section 291E-64, refuses to submit to a breath or blood test, none shall be given, except as provided in section 291E-21, but the arresting law enforcement officer, as soon as practicable, shall submit an affidavit to a district judge of the circuit in which the arrest was made, stating:
> > (1) That at the time of the arrest, the arresting officer had probable cause to believe the arrested person was under the age of twenty-one and had been operating a vehicle upon a public

---

[4] Although HRS § 291E-65 deals with administrative matters of an arrest under HRS § 291E-64 (2007) (Operating a vehicle after consuming a measurable amount of alcohol) for a person under the age of twenty-one at the time of the offense, the procedure leading up to whether the administrative sanctions are to be imposed on the arrestee is sufficiently related to our analysis of Hosaka's rights in his criminal proceedings because administrative matters of license suspensions/revocations and their criminal counterparts are part of the same statutory scheme to prevent and address drunk driving. See State v. Wilson, 92 Hawai'i 45, 52, 987 P.2d 268, 275 (1999).

way, street, road, or highway or on or in the waters of the State with a measurable amount of alcohol;

(2) That the arrested person was informed that the person may refuse to submit to a breath or blood test, in compliance with section 291E-11;

(3) That the person had refused to submit to a breath or blood test;

(4) That the arrested person was:
(A) Informed of the sanctions of this section; and then
(B) Asked if the person still refuses to submit to a breath or blood test, in compliance with the requirements of section 291E-15; and

(5) That the arrested person continued to refuse to submit to a breath or blood test.

(b) Upon receipt of the affidavit, the district judge shall hold a hearing within twenty days. The district judge shall hear and determine:

(1) Whether the arresting law enforcement officer had probable cause to believe that the person was under the age of twenty-one and had been operating a vehicle upon a public way, street, road, or highway or on or in the waters of the State with a measurable amount of alcohol;

(2) Whether the person was lawfully arrested;

(3) Whether the person was informed that the person may refuse to submit to a breath or blood test, in compliance with section 291E-11;

(4) Whether the person refused to submit to a test of the person's breath or blood;

(5) Whether the person was:
(A) Informed of the sanctions of this section; and then
(B) Asked if the person still refuses to submit to a breath or blood test, in compliance with the requirements of section 291E-15; and

(6) Whether the person continued to refuse to submit to a breath or blood test.

(c) If the district judge finds the statements contained in the affidavit are true, the judge shall suspend the arrested person's license and privilege to operate a vehicle as follows:

(1) For a first suspension, or any suspension not preceded within a five-year period by a suspension under this section, for a period of twelve months; and

(2) For any subsequent suspension under this section, for a period not less than two years and not more than five years.

(d) An order of a district court issued under this section may be appealed to the supreme court.

(Emphases added). Under HRS § 291E-65, the district court may only impose administrative sanctions (in the form of a suspension of the arrestee's license and privilege to operate a vehicle) upon its determination that a delineated process was adhered to by the arresting officer. Notably, this process includes two distinct opportunities for the arrestee to refuse to submit to testing -- once after being informed of the right to refuse and

before being informed of possible sanctions for a refusal, and once again after being informed of the possible sanctions for refusal.

This reading of HRS §§ 291E-11 and 291E-15 is further supported by the committee reports on the bill that substantially amended HRS § 291E-15 into the form applicable at the time of Hosaka's offense. House Bill No. 3257 (H.B. No. 3257) was introduced in the Hawaiʻi Legislature in 2006 and eventually enacted into law as Act 64. 2006 Haw. Sess. Laws Act 64, at 96-101. Committee reports regarding H.B. No. 3257 discussed the bill's purpose as simplifying the implied consent process for OVUII arrestees by, *inter alia*, only requiring law enforcement officers to inform an arrestee of the possible sanctions if the arrestee initially refuses.

> The Committee on Transportation stated:
>
> Specifically, this measure provides that a law enforcement officer is only required to inform a suspect of possible sanctions that may be imposed for the suspect's refusal to take a test to determine alcohol concentration in the suspect's breath or blood or drug content of the suspect's blood or urine only if the person withdraws the consent to testing that is implied when operating a motor vehicle on a public highway or in the public waters of Hawaii.
>
> . . . .
>
> . . . This measure is an attempt to simplify [the implied consent] process while protecting the rights of the accused by clarifying that information on the consequences of refusing to submit to a blood, breath, or urine test only need to be read to an individual if the individual refuses to submit to such a test. Your Committee believes that this bill will support law enforcement and increase traffic safety.

H. Stand. Comm. Rep. No. 310-06, in 2006 House Journal, at 1217-18 (emphases added). The Committee on Judiciary and Hawaiian Affairs similarly stated: "Your Committee further finds that under this measure, drivers who first refuse to submit to a breath, blood, or urine test may change their minds after they are informed of the sanctions resulting from a refusal . . . ." Sen. Stand. Comm. Rep. No. 3303, in 2006 Senate Journal, at 1587 (emphasis added). The 2006 amendment to HRS § 291E-15 accomplishes the legislature's intent to simplify the implied consent process by only requiring the arresting officer to inform the arrestee of the possible sanctions after the arrestee

initially refuses, thereby allowing an arresting officer to avoid additional steps of informing an arrestee of possible sanctions if the arrestee decides to consent to testing and forgo his or her right to refuse (with knowledge of the right to refuse under HRS § 291E-11). Thus, the committee reports support our reading of HRS § 291E-15 as providing that an arrestee is to be given an initial opportunity to refuse to submit to testing before he or she is informed of the possible sanctions for a refusal to consent, and then the arrestee is to again be asked if he or she still refuses after being informed of the possible sanctions.

Based on our reading of HRS §§ 291E-11 and 291E-15, read *in pari materia*, and our interpretation of the legislative intent behind these statutes, we conclude that the Implied Consent Form did not comport with the procedure set forth in HRS §§ 291E-11 and 291E-15 because it did not provide an initial opportunity for Hosaka to refuse to submit to testing before being informed of possible sanctions.

We now turn to whether suppression of the breath test was a proper remedy for the arresting officer's failure to provide an initial opportunity to refuse. In support of the suppression of his breath test, Hosaka contends that the Implied Consent Form inaccurately implemented the procedure set forth in HRS § 291E-15 and therefore inaccurately stated that sanctions may be imposed. In so arguing, Hosaka relies on a provision in HRS § 291E-15 directing that "if the law enforcement officer fails to comply with paragraphs (1) and (2)," the arrestee "shall not be subject to the refusal sanctions under part III or IV." Based on this provision, Hosaka argues that sanctions *would not* be imposed due to the failure to follow the procedure and the Implied Consent Form included information that was inaccurate because it incorrectly provided that the arrestee *may be* subject to sanctions as a result of refusing to take a breath test. Hosaka thus contends that because of this inaccurate information, his consent was illegally obtained and therefore null and void. See Wilson, 92 Hawai'i at 53-54, 987 P.2d at 276-77 (affirming the suppression of the results of a blood alcohol test because the implied consent form provided "inaccurate and misleading"

9

information on the penalties for failing a blood alcohol test, rendering a defendant's consent to submit to such a test not knowing and intelligent).

We do not agree with Hosaka's interpretation of HRS § 291E-15 as barring the imposition of sanctions where an arrestee was not given two distinct opportunities to refuse to submit to testing. Rather, we interpret the provision as barring the imposition of sanctions where the arrestee was not *informed of the sanctions*. In directing when sanctions shall not be imposed, the statute specifically refers to a failure to comply with "paragraphs (1) and (2)," which only provide that an arresting officer (1) inform the arrestee of the possible sanctions and then (2) give the arrestee an opportunity to refuse upon being informed of the possible sanctions. A bar on the imposition of sanctions does not result from a failure to give an arrestee the initial opportunity to refuse -- it only results from a failure to inform of the sanctions with an opportunity to refuse at that time.[5]

In this case, the Implied Consent Form did inform Hosaka of the possible sanctions and Hosaka was given an opportunity to refuse with that information in mind. The Implied Consent Form therefore complied with paragraphs (1) and (2) of HRS § 291E-15 and it correctly stated that sanctions may be imposed. Accordingly, the Implied Consent Form did not include inaccurate or misleading information about whether sanctions may be imposed and Hosaka's consent cannot be considered uninformed on this basis. Thus, the circuit court erred in granting Hosaka's Motion to Suppress on the basis that the Implied Consent Form contained inaccurate or misleading information because it

---

[5] Our interpretation is also supported by part III of HRS Chapter 291E, which addresses the administrative revocation process for suspension of a person's license and privilege to operate a vehicle. Within part III, HRS § 291E-41(c) (Supp. 2016) provides that sanctions are to be imposed for a person's refusal to submit to testing where the person is informed: (1) that the person may refuse to submit to testing pursuant to HRS § 291E-11; and (2) of the sanctions under part III of HRS chapter 291E and then asked if the person still refuses to submit to a test, pursuant to HRS § 291E-15. The requirement of giving an arrestee an initial opportunity to refuse before being informed of the sanctions is not considered in determining whether sanctions are to be imposed. Thus, a failure to provide the initial opportunity to refuse does not bar the imposition of such sanctions.

did not comply with the procedure set forth in HRS §§ 291E-11 and 291E-15.[6]

## B.  Civil Administrative Sanctions

The State next contends that the circuit court erred when it concluded that an arrestee's consent is insufficient and therefore null and void where the arrestee's election to refuse to consent is "burden[ed]" by "*any significant sanction[]*" and not just criminal sanctions.  The State also contends that the circuit court erred when it concluded that because there is "no possibility for an arrestee to know that the sanctions [referenced in the Implied Consent Form] are solely administrative rather than criminal, much less exactly *what* those sanctions specifically are, or even what they *may be*," it is "simply not possible" for an arrestee to give "'knowing' or 'intelligent'" consent.

The Implied Consent Form includes references to the statutory sections establishing civil administrative sanctions in the form of a suspension or extended revocation of an arrestee's driver's license.  See HRS §§ 291E-41, 291E-65.  The circuit court appears to have weighed the significance of these civil administrative sanctions just as heavily as that of criminal sanctions, which the Hawai'i Supreme Court has deemed improper.

In <u>State v. Yong Shik Won</u>, 137 Hawai'i 330, 372 P.3d 1065 (2015), the Hawai'i Supreme Court held that the threat of criminal sanctions effectively coerces an arrestee into consenting to a blood alcohol concentration (BAC) test, rendering the arrestee's consent involuntary.  However, the supreme court explicitly noted that its holding did not affect the civil penalties resulting from a refusal to submit to BAC testing.  <u>Id.</u> at 349 n.34, 372 P.3d at 1084 n.34 ("It bears repeating here that this opinion does not concern the civil administrative penalties attendant to a driver's refusal of BAC testing.  Those types of sanctions are not affected in any way by our decision." (Internal

---

[6]     We also note that, as discussed *supra*, the legislative intent behind offering an initial opportunity for the arrestee to refuse was to simplify and shorten the implied consent process for law enforcement officers. Based on this reasoning, a failure to give an arrestee the initial opportunity to refuse does not affect the admissibility of a breath test to which an arrestee otherwise consented.

citations omitted)). The supreme court pointed out that it has upheld civil license revocation on several occasions. Id. at 334, 372 P.3d at 1069 (citing Dunaway v. Admin. Dir. of Courts, 108 Hawai'i 78, 87, 117 P.3d 109, 118 (2005); Kernan v. Tanaka, 75 Haw. 1, 22, 856 P.2d 1207, 1218 (1993); State v. Severino, 56 Haw. 378, 380-81, 537 P.2d 1187, 1189 (1975)).

Under the holding in Won, "the police could obtain a valid consent to testing from an arrested driver by omitting the warning that refusal to consent would subject the driver to criminal penalties" and only advising the driver of the statutory civil administrative penalties. State v. Wilson, 141 Hawai'i 459, 462-63 & 463 n.7, 413 P.3d 363, 366-67 & 367 n.7 (App. 2018) (citing Won, 137 Hawai'i at 349 n.34, 372 P.3d at 1084 n.34), cert. granted, No. SCWC-15-0000682, 2018 WL 2949142 (Haw. June 13, 2018). The form at issue in Won stated that if the arrestee refused to submit to testing, the arrestee "shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable[,]" and "shall also be subject to the procedures and sanctions under chapter 291E, part III." Won, 137 Hawai'i at 335, 372 P.3d at 1070. In this case, the Implied Consent Form omitted the reference to the criminal sanctions of imprisonment and the $1,000 fine and used the word "may" in place of the word "shall." It only advised Hosaka of the statutory civil administrative penalties and therefore was in a form that the supreme court stated would result in valid consent. See id. at 349 n.34, 372 P.3d at 1084 n.34. Viewing Won as controlling precedent, we conclude that Hosaka's consent given pursuant to the Implied Consent Form was valid.[7]

_____

[7] This case is distinguishable from other cases in which the supreme court held that the arrestee did not knowingly and intelligently consent to the breath test. In those cases, the arresting officer provided information that was inaccurate or incomplete so as to mislead the arrestee. See, e.g., Castro v. Admin. Dir. of the Courts, 97 Hawai'i 463, 468-70, 40 P.3d 865, 870-73 (2002) (holding that where the meaning of "prior alcohol enforcement contact" was not explained when arrestee was advised of the potential length of license revocation for refusal to take a BAC test or for failing such a test, arrestee's consent was not knowingly and intelligently made); Wilson, 92 Hawai'i 45, 51, 987 P.2d 268, 274 (holding that the arresting officer's statement to an arrestee that a three month revocation would apply for failing the test was inaccurate and misleading when in fact the arrestee was subject to revocation for up to one year). Here, it is undisputed that the Implied

Thus, the circuit court erred in concluding that burdening an arrestee's election to refuse to submit to testing with any significant sanctions renders the arrestee's consent invalid, and also erred in relying on the grounds that the arrestee cannot know what exactly the sanctions are and that the sanctions are solely administrative. The circuit court accordingly erred in granting Hosaka's Motion to Suppress on this basis.

## V. CONCLUSION

Based on the foregoing, the "Findings of Fact; Conclusions of Law and Order Granting Defendant's Motion to Suppress Breath Test" entered on September 26, 2016, in the Circuit Court of the First Circuit, is vacated and we remand this case for further proceedings.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Howard K.K. Luke,
for Defendant-Appellee.

---

Consent Form provided information that was accurate. There was no information given in the Implied Consent Form that was only partially complete so as to mislead Hosaka into consenting to the testing. The Implied Consent Form complied with the mandate in HRS § 291E-15 for an arresting officer to "[i]nform the person under arrest of the sanctions under section 291E-41[] [or] 291E-65."